William W. CRAIN, Appellant,

v.

FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF FORT WORTH, Appellee.

No. 17403.

Court of Civil Appeals of Texas, Fort Worth.

April 27, 1973.

Rehearing Denied May 25, 1973.

Farrar & Claunch, and Jim Claunch, Fort Worth, for appellant.

S. G. Johndroe, Jr., City Atty., and Ted Gorski, Jr., Asst. City Atty., Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

William W. Crain brought suit, as plaintiff, for an injunction against threatened action by the defendant Commission removing his name as the first of the three on the July 17, 1972 eligibility list for the position of District Fire Chief in the Fire Department of the City of Fort Worth. Such eligibility list will expire and become of no effect on July 17, 1973; therefore the injunctive relief sought would only be effective until such date were it obtained.

Upon hearing of the application for temporary injunction relief was denied. Plaintiff has appealed.

Reversed and remanded with instructions.

Vernon's Ann.Tex.Civ.St. Title 28, "Cities, Towns and Villages", Chapter 22, "Civil Service", Art. 1269m, "Firemen's and Policemen's Civil Service in cities over 10,-000", has full application to the circumstances which served as a predicate for the instant litigation. Thereunder, Sec. 10, "Method of filling positions" provides that when a vacancy occurs in the Fire Department of a city (including the City of Fort Worth) the Fire Chief or head of the Fire Department shall request from the Firemen's and Policemen's Civil Service Commission the names of the three persons having the highest grades on the "eligibility list" for the particular vacancy. To fill the vacancy the appointment is directed to be the person thereon having the highest grade, except for valid reason(s) to be stated in writing delivered to the Commission with copy to such person having the highest grade. There is like provision in the case of appointment of the third person on the list, so that the Commission and the first and second persons shall be on notice.

Section 14 of the aforesaid Article provides relative to "Promotions; filling vacancies" that the Commission shall make rules and regulations governing promotions and shall hold promotional examinations to provide eligibility lists for each classification, which are directed to be held substantially under requirements stated. Noted among these is "A", that a fireman who has held a continuous position for two (2) years or more in the classification immediately below that for the purposes an examination is to be held is eligible for the examination for promotion to the next higher position "eligibility list"; "D", that the examination for a particular position "eligibility list" shall be given to all qualified applicants, in writing with "all of said questions shall be based upon material which has been made available to all members of the Fire or Police Department involved and shall be based upon the duties of the position sought and upon any study courses given by such Departmental Schools of Instruction and upon the applicant's efficiency."

Section 14 also provides for the method of computing grades, and that any applicant who desires to do so is entitled to remain present during the grading—to take place immediately following the completion of the examination. Impliedly, at least, the "eligibility list" is provided to be established immediately upon the completion of the examination and grading of the examination papers of all applicants for a particular position. Indeed this is what occurred in the instant case for on July 17, 1972, the day the examination was taken by all the applicants for the position of District Fire Chief, such "eligibility list" was established and posted. Thereon plaintiff William W. Crain was denominated the applicant having the highest grade, with the position of No. 1 on the list.

Section 14 further provides as follows: "Each applicant shall have the opportunity

to examine his examination and his answers thereto together with the grading thereof and if dissatisfied shall, within five (5) days, appeal the same to the Commission for review in accordance with the provisions of this Act. . . ." The only part of the Act relative to the matter of review on appeal is that in Section 17, "Procedure before commission", which actually contemplates only an appeal from a suspension from duty, etc., or in any event instances where there is requirement for the filing, within ten (10) days, a statement denying the truth of the charge as made, or taking exception to the legal sufficiency of such charge and asking for a hearing by the Commission. Section 18, "Appeal to district court" has application to appeal by one who is dissatisfied with a decision of the Commission, providing that such a person may, within ten (10) days after the rendition of the decision of the Commission file a petition in the District Court attacking the Commission's order.

■ By Sections 10 and 14 it is necessarily implied that there be notice of some character to the Commission by one aggrieved or dissatisfied with the examination, or its results. Such a person could not appeal within five days unless there was notice of some character relative thereto. In municipal administrative matters compliance with any applicable requisite need not meet the formalities of procedure in the courts of law. Nevertheless, when a formal purpose is involved, such as that necessarily incident to any appeal, mere knowledge that a person was dissatisfied would not suffice to produce an appeal. In order that there might be an appeal, there must be something further by way of notice brought home to the administrative agency, or to the Commission, that he who was dissatisfied desired to be heard by way of appeal. This is especially true when there is a provision by way of limitation of the time within which any appeal should be taken. On this see generally Merrill on Notice, Sections 509 to 519, inclusive.

■ That the person whose name appears first on the "eligibility list" for a position such as that of District Fire Chief is possessed of an equitable property right is the underlying principle of a prior decision of this court. Bostick v. Owens, 423 S.W. 2d 471 (Fort Worth Civ.App., 1968, writ ref., n. r. e.). That same thing would be true as applied to one whose name appeared first on such an "eligibility list" in an instance where there was action or threatened action which would change such list so he would be reduced to any lower position. Though profit to him be contingent upon some event which might happen or not its character as a property right would continue.

■ This is what occurred in the instant case. The examination of July 17, 1972, was followed by a posting of the "eligibility list", upon which the plaintiff's name was that first appearing. Although by other persons taking the examination there were questions asked concerning certain questions posed upon the examination for District Fire Chief relative to authority for the presence upon the examination of particular questions, in no case was there any appeal within the ensuing five day period by anyone considering himself aggrieved. Therefore, the relative positions of those who obtained on such "eligibility list" was fixed and legally established after the expiration of five days from July 17, 1972.

Pursuant to an appeal by a person who had taken another examination on a different date for another and different position in the Fire Department it was discovered not only as applied to such other examination, but also as applied to the examination for the position of District Fire Chief, that (as applied to the latter examination) there had been five questions asked, requiring answers or attempted answers, which were not based upon material which had been made available to all members of the Fire Department involved. It was shown that by reason of such discovery, at a date over one

month subsequent to July 17, 1972, that the Commission had directed action to be taken which, if consummated, would delete such five questions and answers as matter to be considered in establishing a proper "eligibility list" and in consequence of such deletion would change the grades of those who had taken the examination so that the plaintiff's name would be removed from its No. 1 position and he would be given the No. 3 position on a newly promulgated "eligibility list". Note should be taken that Section 14 of Art. 1269m directs that all questions given on an examination should be upon material made available to all members of the department involved.

Hence the occasion for plaintiff's suit. He seeks to preserve an equitable property right which, as above indicated, existed as a matter of law. Furthermore, since there was want of any appeal which could have and probably would have cost plaintiff his place as No. 1 on the "eligibility list", such property right existed at the time of the hearng on temporary injunction in the trial court.

■ Since the proceeding was one in equity there might be the question of plaintiff's want of "clean hands", or the possibility that he would have an adequate remedy at law, etc., so that the trial court would be justified in a denial of the equitable relief prayed for, but by the record all these are obviated and the circumstances presented show that the "status quo", ordinarily to be preserved on temporary injunction was that wherein plaintiff stood with his equitable property right unimpaired, albeit threatened by the action of the Commission of the City of Fort Worth. In such circumstances we hold that it amounted to an abuse of discretion for the trial court to refuse to grant a writ of temporary injunction. Therefore the order of this court will be one which grants such character of relief for the requisite period.

■ Preliminary to our discussion of the reasons for our holding we will direct our attention to the matter of parties.

Those persons who would enjoy places No. 1 and No. 2 if a new "eligibility list" should be promulgated would, of course, be necessary and indispensible parties on a hearing for permanent injunction. But it has been held that a person with rights needing preserving pending final trial need not join all necessary parties before he can obtain interim orders, as, for example, a writ of temporary injunction. 31 Tex.Jur.2d, p. 230, "Injunctions", Sec. 120, "Defendants", in Annotations: Littlejohn v. Finder, 348 S.W.2d 237 (San Antonio Civ.App., 1961, no writ hist.) ; Temple Independent School Dist. v. Proctor, 97 S.W.2d 1047, 1051 (Austin Civ.App., 1936, error refused). In the cases cited there had been grants of temporary injunction and propriety of the grants was the subject of both appeals. Here there had been a denial of temporary injunction and such denial is the subject of attack. We perceive no distinction to be made in the law by reason of such differentiation.

■ On the merits of the petition for writ of injunction it is noticed in 4 Pomeroy's Equity Jurisprudence, 5th Ed., p. 935, "Injunctions in General", Sec. 1338, "Fundamental Principle" it is stated, as follows: "The general principle may be stated as follows: Wherever a right exists or is created, by contract, by the ownership of property or otherwise, cognizable by law, *a violation of that right will be prohibited,* unless there are other considerations of policy or expediency which forbid a resort to this prohibitive remedy. *The restraining power of equity extends, therefore, through the whole range of rights and duties which are recognized by the law, and would be applied to every case of intended violation, were it not for certain reasons of expediency and policy which control and limit its exercise. . . ."*

■ In Section 1339, "Generally" succeeding that from which Pomeroy's language is quoted, it is furthermore stated, as follows: ". . . Since the estate, interest, or claim of the complainant is purely

equitable, it is exclusively cognizable by equity; and if its existence is shown, a court of equity not only has the jurisdiction, but is bound to grant every kind of remedy necessary to its complete establishment, protection, and enforcement according to its essential nature. . . ."

By our holding as a matter of law that plaintiff possessed a vested equitable property right as a consequence of the first "eligibility list", coupled with additional holding, also as a matter of law, that such property right persisted in view of the finality of the standings on such list because there had been no appeal taken within five days from July 17, 1972, the case presents itself as one in which no material fact is disputed. Therefore the case is one where as a matter of law there will be violation of the plaintiff's undoubted legal right unless the order of the court prohibit that violation, while at the same time no equitable reason is existent which would entitle the court to withhold it; where plaintiff's right is clear and he has complied with all the requirements of law for the issuance of an injunction. In these circumstances he is entitled to the injunction as a matter of right, and it is the duty of the appellate court to reverse the trial court's action if it be in denial of the right. 31 Tex.Jur.2d, p. 88, "Injunctions", Sec. 36, "Where facts are undisputed".

Though a trial court may ordinarily exercise a broad discretion in granting or refusing a temporary injunction the failure or refusal of the court to apply the law to undisputed or established facts constitutes an abuse of discretion. Costello v. Hillcrest State Bank of University Park, 380 S.W.2d 780 (Dallas Civ.App., 1964, no writ hist.). The author prefers the statement: ". . . the trial court's discretion is not unlimited and does not extend to the erroneous application of the law to undisputed facts", appearing in Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722 (1935). Chief Justice Calvert, discussing such case and others by the Supreme Court

indicated preference for the "abuse of discretion" term in an interesting discussion of the legal principle involved. Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517 (1961). In accord with the legal principle regardless of the manner by which it is stated, are other cases including the following: City of Waco v. Marstaller, 271 S.W.2d 722 (Waco Civ.App., 1954, no writ hist.); Falkner v. Memorial Gardens Association, 298 S.W.2d 934, 943 (Austin Civ. App., 1957, writ ref., n. r. e.); City of Houston v. Memorial Bend Utility Company, 331 S.W.2d 418, 422 (Houston Civ.App., 1960, writ ref., n. r. e.); and John L. Bramlet & Company v. Hunt, 371 S.W.2d 787 (Dallas Civ.App., 1963, writ ref., n. r. e.).

The judgment of the trial court is reversed and the cause remanded to that court with instructions to grant the temporary injunction, to continue through July 17, 1973, upon the execution by plaintiff William W. Crain of an injunction bond in an amount to be set by the court.