**FIREMEN'S AND POLICEMEN'S CIVIL
SERVICE COMMISSION OF the CITY
OF FORT WORTH, Appellant,**

v.

**B. M. KENNEDY, Appellee.**

No. 17463.

Court of Civil Appeals of Texas,
Fort Worth.

Nov. 9, 1973.

Rehearing Denied Dec. 14, 1973.

S. G. Johndroe, Jr., City Atty., and Theodore P. Gorski, Jr., Asst. City Atty., Fort Worth, for appellant.

Trickey & Trickey, and Richard M. Trickey, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

B. M. Kennedy brought suit, as plaintiff, for an injunction against threatened action by the defendant Commission removing his name as the first of the three on the March 6, 1973, eligibility list for the position of Deputy Police Chief in the Police Department of the City of Fort Worth.

The trial court entered a decree of temporary injunction pending hearing of the case on its merits as for permanent injunction and the Commission appealed.

Affirmed.

Reference is made to our opinion in Crain v. Firemen's & Policemen's Civil Service Com'n, 495 S.W.2d 20 (Fort Worth, Tex.Civ.App., 1973, writ ref., n. r. e.). With one important distinction the factual background of instant case is like unto that of Crain.

That important distinction is that, unlike the situation in Crain there had been, in this case, within the five (5) day period subsequent to March 6, 1973, an appeal to the Commission by one of the plaintiff's competitor examinees. Upon regrading of that examination, pursuant to such appeal, there resulted a change in the relative standing of the examinees as initially posted. Such competitor was third in rank on the initial eligibility list but by the ruling on his appeal the Commission made him number one on the revised list. Plaintiff had been number one on the initial list, and was number two on the revised list.

The appeal to the Civil Service Commission was taken pursuant to the provisions of Vernon's Ann.Tex.Civ.St., Art. 1269m,

"Firemen's and Policemen's Civil Service in cities over 10,000", at its Section 14.

In Crain, no examinee at the competitive examination to establish an eligibility list for the position of District Fire Chief in the Fire Department of the City of Fort Worth had filed an appeal to the Commission within the requisite five (5) day period. Mr. Crain, having been placed first on the initial eligibility list, was by this Court held to have become possessed an equitable property right in position number one on such list upon the expiration of five days from publication of such initial list, protection of that right being his entitlement by instituting injunction proceedings.

Implied, though not stated, was the fact that Crain would not have enjoyed any equitable property right in such position on the eligibility list at the end of such five (5) day period if another examinee had filed an appeal under Section 14 of Art. 1269m. To have so held in Crain would have constituted dicta. In the instant case the contrary is true.

■ Our holding here is that no equitable property right accrued to any examinee through the initial posting of the eligibility list of March 6, 1973, because one of them filed an appeal within the ensuing five (5) day period. By reason of such appeal no property right of any kind could vest in any examinee until the appeal taken by him who deemed himself aggrieved had received a determination by the Civil Service Commission and in consequence the initial list confirmed or another eligibility list established.

By reason of the appeal of plaintiff's competitor the Commission, finding such competitor's complaint justified and valid, struck certain questions (and their answers) from the examination record. On regrade after such deletion it published a new eligibility list wherein plaintiff's name was relegated to position number two.

Plaintiff, within five (5) days after March 29, 1973, filed an appeal from the

Commission's new eligibility list published on that date. This appeal was his first. Thereby he complained of the action of the Commission in sustaining the earlier appeal of his rival examinee by deleting certain of the questions and answers. Essentially the question was resolved into one where by the disregard of two questions and answers given on the competitive examination plaintiff's position on the final eligibility list was at number two; but plaintiff's position thereon would be number one if those two questions and answers were considered.

Plaintiff's contention that such two questions and answers should be considered was overruled upon a hearing of his appeal by the Civil Service Commission. Plaintiff then filed his suit for injunction.

 We hold against the contention of the appellant Commission that the trial court was without jurisdiction to entertain plaintiff's suit. Despite the fact that there is no provision in Art. 1269m for an appeal to the courts from a decision of the Commission any action under the power and responsibility of such administrative agency must be exercised reasonably and according to law, and can in no sense be regarded as a matter of discretion beyond judicial review. Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664 (1949).

The fact that on the hearing upon the merits, to come at time of trial for permanent injunction, the plaintiff will as a prerequisite of his right to prevail be obliged to discharge the onerous burden to prove that the denial of his appeal by the Civil Service Commission was unreasonable or arbitrary, and/or without reasonable support by substantial evidence, is not for us to consider on this appeal from an order of temporary injunction. Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73, 82 (1939). Observations made thereupon in the trial court's order are part of an interlocutory decree, and do not commit the court. At the hearing of the case on the merits will the time come for that court to make reviewable findings.

 The function of an order of temporary injunction is to preserve the status quo pending the time for trial of the merits of the case for permanent injunction. Had the trial court denied the writ of temporary injunction the City of Fort Worth would have been free to fill a vacancy in the position of Deputy Police Chief—in the event such a vacancy occurred—by installing plaintiff's competitor examinee whose name was at number one on the revised eligibility list. With such done plaintiff's suit for injunction would perhaps become moot. By granting the temporary injunction that possibility was avoided. In any event the judgment order of the trial court would be reversible only if a clear abuse of discretion be shown, and, under the circumstances of this case, no such abuse is shown. 31 Tex.Jur.2d, p. 345, "Injunctions", Sec. 224, "Issues—Trial courts' discretion".

There are points of error which might have been sustainable were the appeal from a decree of permanent injunction; but they are overruled without discussion as immaterial in view of the fact that the appeal is from a decree of temporary injunction. To sustain such on the instant appeal would in no manner require a reversal of the trial court's interlocutory order. Our discussion is believed adequate to cover the points material to an appeal from temporary injunction.

All points of error have been severally considered and each is overruled.

Order granting temporary injunction is affirmed.