**FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF FORT WORTH, et al., Appellants,**

v.

**Richard L. WILLIAMS, Appellee.**

No. 17563.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 24, 1975.

Rehearing Denied Feb. 21, 1975.

S. G. Johndroe, Jr., City Atty., and Theodore P. Gorski, Jr., Asst. City Atty., Fort Worth, for appellants.

Farrar & Claunch, and Jim Claunch, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

Richard L. Williams sought mandatory promotion to the position of driver in the Fire Department of the City of Fort Worth. Following hearing, the court granted the relief.

We affirm.

The case necessitates further development of the law and its application under Vernon's Ann.Tex.Civ.St., Title 28, "Cities, Towns and Villages", Ch. 22, "Civil Service", Art. 1269m, "Firemen's and Policemen's Civil Service . . .". ; in particular to the sections thereunder of Sec. 13, "Notice of examinations (in part to establish eligibility standings of promotion lists)" and Sec. 14, "Promotions; filling vacancies".

The position in dispute in the instant case is that of "driver" in the Fire Department. The examination to establish eligibility to fill the position in the event of vacancy was held, pursuant to notice, on July 31, 1972. Grading of the examination (with consideration of other factors) resulted in establishment of the lists of those eligible for promotion in the event of vacancy in the position occurring within the year immediately following August 3, 1972. It was published by posting on August 3, 1972.

There was no appeal taken within the proper time therefor by any examinee. We will note that there is contention that the contrary was the fact, but our holding from the record is that as a matter of law there was not an appeal; that even if there was an issue of fact there was necessarily implied the fact finding of the court that there was no appeal.

October 13, 1972, there was publication, by posting, of a revised eligibility list. Pursuant to order of the Firemen's and Policemen's Civil Service Commission of the City of Fort Worth the revised list was

made retroactive in that it was directed to be effective to establish the eligibility list for the period of one year from date of August 3, 1972 (and not from the date of October 13th).

Richard L. Williams, whose name was number 19 on the list posted August 3, 1972, appeared on the October 13th list as No. 21. Of the revised list and its publication no personal service of notice, as by letter, was made upon any examinee; no notice was given that there was right of appeal afforded to any examinee whose standing on the revised list was different from his standing on the original list; and no appeal was taken or shown to have been desired by anyone whose name appeared on the revised list.

Prior to the examination of July 31, 1972, the Commission had been given cause to suspect that the questions to be a part thereof were not all in conformity with the rule that no question should be made a part thereof which was not germane to "referenced material". The rule provided that no question should be given on the examination which was not to be found in designated books, etc., directed to be studied in preparation therefor. Even prior to the examination the Commission had arranged for a review of the questions by a professional organization to determine that very question. The result of such review was received after the examination had been given. However, in view of the report, and by direction of the Commission, certain questions were considered as deleted from the July 31, 1972 examination, and the examinees' papers were all regraded without regard to whether the answers given to the deleted questions had been correct or incorrect. It was as result of such regrading that the revised eligibility list of October 13th was prepared and posted.

There is no doubt but that all this was done in the good faith effort to be just and fair. A result, however, was to place a man by the name of Tucker as No. 19 on the revised eligibility list, with Richard L. Williams placed thereon as No. 21.

There occurred many more vacancies in the position of "driver" than was expected, at least by Richard L. Williams. A few days before the expiration of the period of one year from August 3, 1972 it became apparent that there had occurred a vacancy in the position of "driver", apparently to be filled by the examinee who properly held the standing of No. 19 on the eligibility list. Williams, who at some antecedent time had become aware of the fact that by the revised list Tucker was No. 19, and who from August 3, 1972 had been aware that it was himself who by the original list was No. 19, went to see the Fire Chief and asked him who was to receive the promotion to fill the vacancy. The Fire Chief replied, "I don't know, whatever name they send me."

It was Tucker's name which was sent to the Fire Chief and he, not Williams, received promotion on August 1, 1973.

Seeking to be promoted according to the eligibility list of August 3, 1972, Williams appealed to the Commission. He was accorded a hearing. In October of 1973 the Commission denied the relief desired.

Williams promptly filed suit in the District Court, praying for judgment ordering his promotion to position of "driver" in the Fire Department as of August 1, 1973, with rights and privileges in regard to seniority, rank, pay, and other emoluments of office to be dated therefrom. Following hearing the court granted the relief for which he prayed.

■ The employee whose standing on the elibility list as of August 1, 1973 was at the top was the employee entitled to be promoted to the position which had then become vacant. Bostick v. Owens, 423 S. W.2d 471 (Fort Worth, Tex.Civ.App., 1968, writ ref., n. r. e.).

■ The October 13, 1972 revision of the eligibility list (established August 3,

1972) was of no force and effect because authority of the Commission to review and alter the eligibility list established August 3, 1972 and/or the examination papers upon which it was in principal part predicated ceased to exist upon the expiration of five (5) days after August 3rd without an appeal having been filed by any examinee. Crain v. Firemen's & Policemen's Civil Service Com'n, 495 S.W.2d 20 (Fort Worth, Tex.Civ.App., 1973, writ ref., n. r. e.).

The vacancy in the position of "driver" having occurred on or prior to August 1, 1973, it was a mandatory right of Williams that he be accorded entitlement to fill the vacancy. Duckett v. City of Houston, 495 S.W.2d 883 (Tex.Sup., 1973).

In our view the decision of the Supreme Court in Firemen's & Policemen's Civil Serv. Com'n v. Kennedy, 514 S.W.2d 237 (Tex.Sup., 1974) reversing this Court (opinion Tex.Civ.App., at 502 S.W.2d 559) does not demonstrate any impropriety in our holding in the instant case.

In *Kennedy* there had been a publication, by posting, of a Civil Service promotional eligibility list, and there had been appeals taken therefrom in consequence of which the Commission had determined upon regrading examination papers that there should be an alteration in the relative standings upon the list. The change, if final and binding, would reduce Kennedy's standing below the No. 1 position enjoyed upon original posting. His complaint was of the examination revision and in connection therewith because of the failure to include the answers to two questions the Commission had concluded were so vague, ambiguous and contradictory that they should be disregarded in computing examination grades. The holding of the Supreme Court was that the statute made the Commission the final arbiter in respect to grades and method of grading—as applied to the establishment and the final determination of a proper eligibility list. The holding did not deal with any right of the Commission to return to the same question

after the eligibility list had been "finalized", i. e., as finally determined by necessary implication after the expiration of time for appeal had passed without any having been taken.

■ As applied to the instant case, our opinion is that after the expiration of five days following the publication by posting of the eligibility list of August 3, 1972, the list and relative standings thereon became "finalized" just as in our courts a judgment becomes final after thirty days unless something occurs which prevents such. After the expiration of that five days there existed an equitable property right in Richard L. Williams relative to his standing on the eligibility list which became worth enforcing when his name reached the top of that list about August 1, 1973.

All points of error presented have been severally considered. All are overruled.

Judgment is affirmed.

SPURLOCK, J., not participating.