FIREMEN'S AND POLICEMEN'S CIVIL
SERVICE COMMISSION of the CITY
OF SAN ANTONIO, Appellant,

v.

Robert V. RODRIGUEZ et al., Appellees.

No. 13507.

Court of Civil Appeals of Texas.

San Antonio.

July 1, 1959.

Carlos C. Cadena, City Atty., San Antonio, for appellant.

James L. M. Miller, San Antonio, for appellee.

BARROW, Justice.

This is a suit by appellees, Robert V. Rodriguez, Richard Martinez, Matias N. Muniz, William A. Juraschek, Rudy Sereno, Julius C. Ruedinger and Eugene Garza, members of the Fire Department of the City of San Antonio, all "Firemen" as that term is used in Art. 1269m, Vernon's Ann.Tex.Stats., against the Firemen's and Policemen's Civil Service Commission of the City of San Antonio, hereinafter called the Commission, for a writ of mandamus ordering the Commission to place all appellees' names, grades and scores on the Eligibility List for promotion to the position of Fire Lieutenant. The trial court granted the writ prayed for, and this appeal is from that judgment.

This case involves a question of apparent conflict between the Personnel Rules of 1952 of the City of San Antonio, applicable to Firemen and Policemen, and Sec. 14 of Article 1269m, Vernon's Ann.Tex. Stats. Under Sections 62 and 99 of the City's Personnel Rules, in order to be eligible for promotion in the City Fire Department, the applicant must make a passing grade of 70%, grading on a basis of 100% for perfection, upon his written examination. Relying upon these rules, the Commission contends that applicants are not entitled to be placed on the eligibility list unless they have made at least 70% on the written examination, after which the seniority points, not to exceed ten, and efficiency points not to exceed thirty, are added in order to get the first grade to be placed on the eligibility list.

The pertinent facts in the case are as follows: On November 6, 1958, after proper announcement, an examination was held for the purpose of determining persons eligible for promotion to the position of Lieutenant in the Fire Department of the City of San Antonio. The examination was duly held, and all of the appellees were eligible to take, and did take, such examination.

When the examination papers were graded, the appellees' grades on the written examination ranged from 42.0 points to 46.2 points. These points were reached on the basis of 70 points being given for a perfect paper. After adding the seniority points and efficiency grade points of each appellee, the total points ranged from 84.22 for Rodriguez, the high man, down to 80.93 points, for Eugene Garza, the low man. The examination was conducted by Mr. Goodloe an employee of the City Personnel Department, directly under Mr. McCullough, who is also the Director of the Civil Service Commission. These grades were published on the bulletin board as the eligibility list on November 7, 1958, and remained there until December 4, 1958, when they were taken down and a different list posted. Appellees' names remained on the eligibility list, but showed different grades made, by Mr. Goodloe, under the direction of Mr. McCullough having graded the papers under what is known as the curve system, which raised the grades of each applicant 16 points. Thereafter on December 10, 1958, the second eligibility list was removed from the bulletin board and a third list placed thereon, under orders of the Commission. None of appellees' names appeared on this eligibility list, having been removed therefrom for the reason, as contended by the Commission, that none of appellees made the grade of 70% upon the written examination, as required by City

Personnel Rules 62 and 99, promulgated by the City in 1952.

The record shows that three applicants made grades totaling a higher score than appellees, and that these three men have heretofore been appointed to the position of Fire Lieutenant. Therefore, if appellees are entitled to appear on the eligibility list, they represent the first seven applicants at the top of the list, according to the grades and scores in the order in which they were named in the first posted list. The Commission contends that Rules 62 and 99 of the City Personnel Rules are applicable, and that inasmuch as appellees failed to make a grade of at least 70% on the written exmination, they have failed to make what the Commission calls a passing grade, and therefore are not entitled to appear on the eligibility list.

Sec. 14 of Article 1269m, Vernon's Ann. Tex.Civ.Stats., provides that each applicant shall be given one point for each year in his department not to exceed ten points, and that each applicant shall receive points based on his efficiency report, not to exceed 30 points as the highest grade in efficiency. The section then provides that all applicants shall be given an identical examination upon the subjects stated, and that all of the examination papers "shall be graded as they are completed, at the place where the examination is given and in the presence of any applicants who wish to remain during the grading." The statute then provides: *"The grade which shall be placed on the eligibility list for each applicant shall be computed by adding such applicant's points for seniority and his credit based on the average of his last two (2) semi-annual efficiency reports to his grade on such written examination. Grades on such written examinations shall be based upon a maximum grade of seventy (70) points and shall be determined entirely by the correctness of each applicant's answers to such questions."* (Emphasis ours.)

■ This statute was originally enacted in 1947, but was changed by amendment in 1949, 1955, and 1957. Prior to the 1957 amendment the statute did not contain the language above quoted, and did not prescribe the qualifications for the eligibility list, and left to the Commission the matter of determining a passing grade. However, it is obvious that the Legislature in 1957 saw fit to remove this authority from the Commission and spell out precisely which applicants should appear on the eligibility list. It is also apparent that prior to the 1957 amendment, the law left the matter of fixing the relative value or importance of the examination as to the points for seniority and efficiency to the Commission, under the power given it to make rules and regulations governing promotions. However, in the 1957 amendment, the Legislature saw fit to reduce the relative value of the written examination to a maximum of 70 points for a perfect grade, as against a maximum of 10 points for seniority and a maximum of 30 points for efficiency.

■ We think the Commission is correct in its contention that the written examination grade of each applicant is to be determined entirely by the correctness of his answers to the questions propounded, and that grading on the so-called "Curve System" was improper, but this is immaterial under the facts in this case, for the reason that appellees would appear on the eligibility list in the same order under either system of grading. We disagree with the Commission in its contention that the personnel rules of 1952, requiring a maximum grade of 70% on the written examination as a condition precedent to eligibility is now applicable. It is apparent that such rule is in conflict with the 1957 amendment of the statute in requiring a higher grade on the written examination than that set out in the statute, therefore, such rule was superseded by the statute and became ineffective. City of San Antonio v. Hahn, Tex.Civ.App., 274 S.W.2d 162. To be more specific in our holding herein, we think the points due to each applicant based upon his written examination should be arrived at by multi-

plying his actual grade by .7, thus making his points seven-tenths of his actual grade.

The record shows without dispute that appellees, according to the points to which they are entitled, calculated upon their respective examination grades, plus their seniority and efficiency points, should appear on the eligibility list as numbers four to ten, inclusive. The record further shows that the three applicants who were above the appellees in total points have already been appointed Lieutenants of the Fire Department, and that there are now several vacancies in the position of Lieutenant of the San Antonio Fire Department. Therefore, appellees are entitled to be submitted for appointment in the order of their respective grades, under the provisions of Article 1269m, § 14, and the trial court properly granted the writ of mandamus.

The judgment is affirmed.