



## MEMORANDUM OPINION

No. 04-09-00305-CV

**CITY OF SAN ANTONIO** and
San Antonio Firefighters' and Police Officers' Civil Service Commission,
Appellants

v.

Raul G. **LOPEZ**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-19034
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:          Catherine Stone, Chief Justice
                  Karen Angelini, Justice
                  Marialyn Barnard, Justice

Delivered and Filed: November 25, 2009

REVERSED AND RENDERED

This appeal arises from a San Antonio firefighter's successful complaint that he was improperly ranked on a promotional eligibility list. The City of San Antonio ("City") and the San Antonio Firefighters' and Police Officers' Civil Service Commission ("Commission") appeal a summary judgment granted in favor of the firefighter, Raul G. Lopez. The City and the Commission contend the trial court erred in granting Lopez's motion for summary judgment

because he failed to bring forth any evidence that the tie-breaking methodology utilized by the Commission to place Lopez on a promotional eligibility list violated any statute, contract, or rule or was improperly applied. The City and Commission also contend the trial court erred in denying their motion for summary judgment because the tie-breaking methodology that was utilized complies with the Commission's rules. We reverse the trial court's judgment and render judgment granting the motion for summary judgment filed by the City and Commission.

## BACKGROUND

Lopez received a score of 95 on his written promotional examination. After 10 points were added for his seniority, Lopez's total score was 105. Six other candidates also received a total score of 105. The candidates with a total score of 105 were then ranked on the promotional eligibility list based on their score on the written examination. If two candidates had the same total score and the same score on the written examination, the candidate with seniority in rank was placed first. The following chart depicts the ranking of the candidates who had a total score of 105:

| Rank | Last Name | First Name | Score | Seniority Points | Total Score | Rank Date |
|------|-----------|------------|-------|------------------|-------------|-----------|
| 9  | Frawley   | Andrew  | 98 | 7  | 105 | 11/20/2004 |
| 10 | Leon      | Brandon | 98 | 7  | 105 | 8/12/2006  |
| 11 | Frausto   | Valerie | 97 | 8  | 105 | 10/22/2005 |
| 12 | Masters   | Jeffry  | 97 | 8  | 105 | 2/25/2006  |
| 13 | Lopez     | Raul    | 95 | 10 | 105 | 11/24/2001 |
| 14 | McCreless | Scott   | 95 | 10 | 105 | 1/19/2002  |
| 15 | Hohon     | George  | 95 | 10 | 105 | 1/3/2003   |

Lopez sued the City and the Commission asserting that he should have been first on the list among the candidates whose total score was 105 because seniority in rank should have been used as the criteria to break the tie. The parties filed competing motions for summary judgment, and the trial court signed a judgment granting Lopez's motion.

## STANDARD OF REVIEW

"We review the trial court's decision to grant summary judgment de novo." *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). "Although the denial of a summary judgment is normally not appealable, we may review such a denial when both parties moved for summary judgment and the trial court granted one and denied the other." *Id*. "We review the summary judgment evidence presented by each party, determine all questions presented, and render judgment as the trial court should have rendered." *Id*.

## DISCUSSION

Section 143.033 of the Texas Local Government Code ("Code") entitled "Promotional Examination Grades" provides, "the grade that must be placed on the eligibility list for each police officer or firefighter shall be computed by adding the applicant's points for seniority to the applicant's grade on the written examination." TEX. LOC. GOV'T CODE ANN. § 143.033(c) (Vernon 2008). "If a tie score occurs, the commission shall determine a method to break the tie." *Id*.

The Commission adopted Rule XII entitled "Promotions." After noting that the City had entered into collective bargaining agreements with the firefighters and police officers which provided that the agreements would prevail in the event of a conflict with Chapter 143 of the Code, Section A of Rule XII stated:

Whereas the Collective Bargaining Agreements include provision[s] for:

\*\*\*

• Ranking of Candidates with Identical Scores

\*\*\*

Whereas the Commission desires to reduce conflict between its rules and any applicable superseding Collective Bargaining Agreement provision; and

Whereas the Commission desires its rules to be clear, concise, and brief;

The Commission shall adopt as its rules the provisions of the most recent Collective Bargaining Agreement relating to the above enumerated subjects regarding promotions within the Police and Fire Departments.

The following provision in Rule XII specifically addressed the breaking of ties:

4.  Tiebreaker for Examination

a)  Detective Investigator and Fire Apparatus Operator Promotional Examinations

In the event that written examination scores for Detective Investigator in the Police Department or for Fire Apparatus Operator in the Fire Department are the same, the ranking of candidates shall be based on their position of [sic] their probationary examination eligibility list.

b)  Other Promotional Examinations

In the event that written promotion examination scores are the same, the ranking of candidates shall be based on their seniority in rank as defined by the applicable current Collective Bargaining Agreement.

The collective bargaining agreement defined "seniority in rank" as follows:

C.  Seniority in Rank

1.  The employee with the most time in a classified rank shall be considered the senior in rank.

2.  Where employees of classified ranks other than the rank of Firefighter have been promoted at the same time, seniority in rank shall be determined by the employee's placement on their respective eligibility list.

3.      Where employees of the rank of Firefighter have the same amount of time in that classification, seniority in rank shall be determined by their badge number.

A.      Position of City and Commission

The City and the Commission contend that the reference in Rule XII, Section B(4)(b) to a tie related to written promotion examination scores "can be given relevance only if the written examination score is used as some measure of ranking." The City and Commission assert that Rule XII, Section B(4)(b) "presuppose[s] an intermediate step of ranking within an overall tied score by looking first to the written examination score." We agree with this position.[1]

Rules promulgated by an administrative agency, such as the Commission, are construed in the same manner as statutes. *See Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex.1999); *Frank v. Liberty Ins. Corp.*, 255 S.W.3d 314, 324 (Tex. App.—Austin 2008 pet. denied); *see also City of Sweetwater v. Geron*, 380 S.W.2d 550, 553 (Tex. 1964) (noting civil service commission is regarded as an administrative agency); *Brooks v. Klevenhagen*, 807 S.W.2d 777, 778 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (same). We must read every word and phrase in a statute or rule as if it was deliberately chosen. *See Gables Realty Ltd. P'ship v. Travis Central Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex. App.—Austin 2002, pet. denied). We must assume every word in a statute or rule has meaning, and we will not read language in a statute or rule to be pointless if it is reasonably susceptible of another construction. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 292 (Tex. 1995); *Combs v. Metropolitan Life Ins. Co.*, No. 03-06-00446-CV, 2009 WL 3230830, at *3 (Tex. App.—Austin, Oct. 9, 2009, no pet. h.).

---

[1] During oral argument, the City and Commission conceded that the rule was not arguably as complete as it should have been and noted that the rule has been clarified by an amendment.

Section 143.033 of the Code requires the sum of the written examination score and seniority points to be the initial score placed on a promotional eligibility list. TEX. LOC. GOV'T CODE ANN. § 143.033(c) (Vernon 2008). If seniority in rank were used to break a tie in the total score calculated pursuant to section 143.033, the reference to using seniority in rank only in the event that the written promotion examination scores were the same would be rendered meaningless. We must presume the entire rule – including the introductory clause – was intended to be effective. *See Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 86 (Tex. 2006) (rejecting argument that would render introductory exception superfluous). Accordingly, we interpret the rule to provide that the written promotion examination score is first used to break a tie in the overall total score, and seniority in rank is used secondarily in the event the written promotion examination scores are the same.[2]

B.      Lopez's Position

      1.      "Seniority in Rank" Definition in Collective Bargaining Agreement

Lopez first contends that the provision in the collective bargaining agreement defining the term "Seniority in Rank" governs the tiebreaker and requires the candidate senior in rank to be placed first on the promotional eligibility list. Lopez argues that because the definition is contained in Article 32 of the collective bargaining agreement which governs promotions, the definition applies to ties in scores involving promotions. However, nothing in the definition of "Seniority in Rank" refers to a tie in scores or a method of breaking ties. Moreover, in adopting Rule XII, the Commission gave effect to the definition by incorporating the term "seniority in rank" in the

---

[2] We note that this interpretation is also advocated by the International Association of Firefighters Local 624, which filed an Amicus Curie brief in support of the City's position on appeal.

tiebreaker rule. Therefore, we reject Lopez's contention that the definition of "seniority in rank" in the collective bargaining agreement expressly provides a method for breaking ties.

2.      "Written Promotion Examination Scores"

Lopez next contends that Rule XII's use of the term "written promotion examination scores" refers to the total score; therefore, seniority in rank should be used to break a tie in the total score in accordance with Rule XII, Section B(4)(b). Lopez argues the term "promotion examination" is distinct from "written examination" and points out that the term "written examination" is used in subsection (a) while the term "promotion examination" is used in subsection (b) of Rule XII, Section B(4). Lopez also asserts that Chapter 143 is entitled "Promotional Examination Grades" and refers to the "promotional examination grade" as the sum of the candidate's points for seniority and the grade on the written examination.

Rule XII, however, repeatedly uses the term "promotional examinations" when referring to the written examination. For example, Rule XII contains provisions addressing the announcement and posting of notices for promotional examinations, registration for promotional examinations, and entrance to promotional examinations. Therefore, in the context of the rule, it is clear that the term "written promotion examination scores" was intended to refer to the written examination score, not the total score after seniority points were added.

3.      Ranking Candidates with Identical Scores

Lopez next notes that Section A to Rule XII expressly states that the collective bargaining agreement includes provisions for ranking candidates with identical scores. Since the tiebreaker provision in Rule XII is based on seniority in rank as defined in the collective bargaining agreement, Lopez argues that seniority must be the basis for breaking the tie.

This court has previously addressed conflicts between collective bargaining agreements and the Civil Service Act in which Chapter 143 is contained. We noted that a collective bargaining agreement may vary any provision in the Act, but the variance must be specifically provided for in the collective bargaining agreement. *City of San Antonio v. Bullock*, 34 S.W.3d 650, 652 (Tex. App.—San Antonio 2000, pet. denied). We concluded, "Essentially, then, the collective bargaining agreement controls to the extent that it specifically conflicts with the Civil Service Act." *Id*. at 655. However, we also previously noted that when the Act addresses a subject which is not addressed in the collective bargaining agreement, the Act prevails. *City of San Antonio v. Scott*, 16 S.W.3d 372, 376 (Tex. App.—San Antonio 1999, pet. denied).

Although Rule XII does refer to the collective bargaining agreement containing a provision for ranking candidates with identical scores, the collective bargaining agreement at issue clearly does not contain such a provision. Rule XII may have been referring to the collective bargaining agreement's definition of seniority in rank as applicable to rank candidates with identical written test scores. Alternatively, Rule XII may have been referring to a different collective bargaining agreement that did contain such a provision. In any event, the collective bargaining agreement at issue contains no provision that specifically varies the provision in the Code that permits the Commission to determine the method to break a tie score.

4. *Rodriguez*

Lopez relies on *Firemen's & Policemen's Civil Serv. Comm'n of the City of San Antonio v. Rodriguez*, 326 S.W.2d 624 (Tex. Civ. App.—San Antonio 1959, no writ), to assert that using the written examination score as the method for breaking ties would violate the statute, which requires both the written examination score and points for seniority to be considered in placing candidates

on the eligibility list. In *Rodriguez*, this court addressed a 1957 amendment to the statute governing the scoring of candidates for promotional purposes. 326 S.W.2d at 626. The court noted that the 1957 amendment added language prescribing the qualifications for the eligibility list, thereby removing the authority from the Commission by spelling out precisely which applicants should appear on the eligibility list. *Id.* Because the 1957 amendment required the grades of all candidates to be listed on the eligibility list, the Commission's rule requiring a grade of at least 70% on the written examination to be placed on the eligibility list was superseded by the statute and became ineffective. *Id.* Thus, the focus of the decision was that the statute prevails over the Commission's rule when the two conflict. *See id.*

In this case, the Commission complied with the statute by adding both the written examination score and seniority points to calculate a total score. Because the statute expressly permits the Commission to determine a method to break a tie, TEX. LOC. GOV'T CODE ANN. § 143.033(c) (Vernon 2008), the Commission's decision on the manner in which the tie was broken did not conflict with the statute. Taking Lopez's argument to its logical conclusion, seniority also could not be used to break a tie because seniority, like the written examination score, is only one of the factors considered in calculating the total score.

5.      Commission Rule

Finally, Lopez argues that the tie-breaking methodology used by the Commission was required to be promulgated in a rule. Lopez asserts:

> Without a different tie-breaking rule the Commission has no regulations in place to authorize its actions. There must be a valid, duly promulgated Commission rule. To violate a rule, there must be a rule. The Commission cannot make itself the author of self-made, self-tried and self-executed law.

(citations omitted). During oral argument before this court, the attorney for the City and Commission stated that section 143.033(c)'s reference to "method" permitted the Commission to informally determine an approach to break a tie. This assertion, however, is contrary to Article 32, Section 3 of the collective bargaining agreement which provides:

> Section 3. Promotion to Fire Apparatus Operator, Lieutenant, and Captain.
>
> Vacancies in the ranks of Fire Apparatus Operator, Lieutenant, and Captain shall be filled by competitive written examination in accordance with Chapter 143 Local Government Code and the rules established by the Fire Fighter and Police Officer Civil Service Commission not inconsistent herewith; however, a passing score of 70 shall be considered minimum for eligibility for promotion.

Article 32, Section 3 of the collective bargaining agreement can be read to allow only the provisions in Chapter 143 and rules established by the Commission to govern vacancies. Section 143.008 of the Code contains specific provisions regarding the adoption of rules by the Commission and provides that a rule is not valid and binding until those requirements are followed. TEX. LOC. GOV'T CODE ANN. § 143.008 (Vernon 2008). Because we interpret Rule XII, Section B(4)(b) as containing a provision for breaking a tie in the total score, however, Lopez's argument fails.

## CONCLUSION

We have determined the Commission's rule for breaking a tie does not violate the applicable collective bargaining agreement and gives appropriate consideration to the candidate's seniority in rank. We thus conclude that Raul G. Lopez was ranked properly on the promotional eligibility list. The trial court's judgment is reversed and judgment is rendered granting the motion for summary judgment filed by the City and Commission.

Catherine Stone, Chief Justice