FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF FORT WORTH et al., Petitioners,

v.

Richard L. WILLIAMS, Respondent.

No. B-5179.

Supreme Court of Texas.

Nov. 26, 1975.

Rehearing Denied Dec. 23, 1975.

S. G. Johndroe, Jr., City Atty., Theodore P. Gorski, Jr., Asst. City Atty., Fort Worth, for petitioners.

Farrar & Claunch, Jim Claunch, Fort Worth, for respondent.

POPE, Justice.

Plaintiff, Richard L. Williams, sought and obtained a permanent injunction which ordered the Firemen's and Policemen's Civil Service Commission of Fort Worth to promote him to the rank of fire driver effective August 1, 1973. The court of civil appeals affirmed the judgment of the trial court. 518 S.W.2d 615. The question presented is whether the district court had jurisdiction to entertain an appeal from orders of the Civil Service Commission that examination papers should be regraded, corrected, and a new eligibility list posted. We hold that the Civil Service Act does not authorize such an appeal, and we accordingly reverse the judgments of the courts below and order the dissolution of the injunction.

During July, 1972, the Commission gave four separate tests for the purpose of establishing eligibility lists for the positions of district fire chief, fire captain, fire lieutenant, and fire driver. Richard Williams took the fire driver test on July 31. The fire driver test was the last of the four, and before Williams took the test, examinees for the other tests had expressed dissatisfaction with a number of questions asked on their tests, because they were not based upon study material that was available to the applicants in violation of section 14, subd. D(1), article 1269m.[1]

Michael W. Darwin had appealed the grade on his earlier examination for fire captain, and the Commission conducted a hearing on the complaint on July 27, four days before Williams took the fire driver test. The Commission recessed the Darwin hearing on July 27 until it could obtain additional information about all four examinations from the professional firm that prepared the questions. After Williams took his examination on July 31, he and nine others protested a number of questions. Before acting upon the protests, on August 3, 1972, the Commission posted the grades which showed that Williams ranked nineteenth on the eligibility list.

On October 10, Darwin's recessed hearing resumed, and on October 13, the Commission ruled that section 14, subd. D(1), of article 1269m had been violated not only on the fire captain examination but on all of the tests. The Commission ordered the director to regrade all of the examination papers, and to eliminate the questions which were not grounded on study material available to the examinees and to report a corrected eligibility list.[2] The regrading of the fire driver examination papers resulted in moving Williams downward from position nineteen on the eligibility list to position twenty-one. Williams did not then complain about the new grade or the lower position on the eligibility list.

Eligibility lists expire at the end of one year, which in the case of the fire driver list, was on August 2, 1973. On August 1, 1973, the city reached position nineteen for promotion of fire drivers, and it promoted the one whose name was in that position on the last or revised eligibility list.

On August 3, 1973, Williams appealed to the Commission, contending that he should be promoted because the first eligibility list was the only valid one and he was in position nineteen on that list. The Commission conducted an administrative hearing on August 31, and on October 4, 1973, it upheld its

1. . . . and all of said questions shall be based upon material which has been made available to all members of the Fire or Police Department involved and shall be based upon the duties of the position sought and upon any study courses given by such Departmental Schools of Instruction and upon the applicant's efficiency.

2. *That from information furnished to the Commission by McCann Associates, Consultants in Public Personnel Management,* *certain questions on the respective promotional examinations for the position of Fire Driver,* Fire Lieutenant, Fire Captain and District Fire Chief *are invalid by reason of not being based upon reference materials made available to all members of the Fire Department*; and, that such invalid questions shall be deleted from the respective promotional examinations. *Only answers to valid questions shall be graded.* (Emphasis added.)

earlier order of October 13, 1972, which had ordered all tests regraded. Williams then filed this suit in the District Court seeking a judgment that he be appointed fire driver effective August 1, 1973, the date that position was filled. The courts below ordered Williams' appointment.

Williams' contention, which has been sustained, is that the first eligibility list stands because there was no appeal from that list. The Commission, however, says that the reason the first eligibility list was changed was that on July 31, 1972, Williams and others lodged complaints about certain questions, those complaints were valid and the resulting regrading and reposting of the second eligibility list was unattacked for more than nine months.

Section 14, subd. D(4), of article 1269m accords an examinee the right to appeal to the Commission when he is dissatisfied with the grade he receives on a Civil Service Examination. It says:

> (4) Each applicant shall have the opportunity to examine his examination and his answers thereto together with the grading thereof and if dissatisfied shall, within five (5) days, appeal the same to the Commission for review in accordance with the provisions of this Act.

A further appeal from the Commission's decision after an appeal from the grading is not authorized. This was our decision in *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788 (1951), and also in *Firemen's and Policemen's Civil Service Commission v. Kennedy,* 514 S.W.2d 237, 240 (Tex.1974). In *Kennedy* we said:

> In establishing the system, the Legislature was entirely free to require, as it did implicitly, that the commission be the final arbitor with respect to grades and method of grading when an examinee exercised his right of appeal.
>
> *       *       *       *       *       *
>
> The examining authority may properly determine in retrospect and as part of the grading process, that a question is so vague and ambiguous that any of the multiple-choice answers should be accepted as correct. It may accomplish the same result by simply disregarding the answers to the question in computing the grades on the examination. There is no suggestion that the commission here was guilty of fraud or bad faith, respondent's basic contention being that the commission's action with respect to the two questions was arbitrary and capricious, i. e. not supported by substantial evidence. The courts have no power to review the order of the commission on that ground.

In our opinion Williams did make a timely appeal from his grade on the examination. After the examination, Williams and other examinees objected to a total of forty different questions. Williams, like the others, made a written list of specific questions, which he regarded as unfair. He signed the page which contained his list and left it with the Commission. Acting upon the basis of these complaints, the Commission called upon the professional organization which planned the examination to state in writing the source material which was available to examinees for study as to each question. That organization responded in writing and stated opposite each question the reference material available to the examinees. Two questions were reported as improper and invalid. The Commission then deleted those questions, regraded all the papers, and posted the revised eligibility list.

The record before us shows that the right of appeal which relates to examinations and grading has been construed by the Commission in a way which affords examinees a broad right to seek relief from the Commission. The unfairness about which Williams complained was fully investigated, corrected and reported. Williams has made no further complaint about the examination or the regrading. We conclude that Williams exercised his statutory right to appeal from the examination and that appeal exhausted his right to appeal. This was our holding in *Kennedy.* It is our further view that under

*Kennedy*, the regrading after the complaints was a part of the grading process from which there was no right to appeal to the district court.

Williams strongly relies upon *Crain v. Firemen's and Policemen's Civil Service Commission*, 495 S.W.2d 20 (Tex.Civ.App. 1973, writ ref'd n. r. e.) which held that one's grade on a promotional examination is an equitable property right to a place on an eligibility list. We disapprove that holding, because it is inconsistent with the clear language of *Kennedy* that one's rights under the civil service system are statutory only. *Crain*, unlike our present case, was one in which there was no appeal by anyone who considered himself aggrieved about the examination or the subsequent eligibility list. It was for that reason that the court held that the eligibility list became legally established by force of the statute, after the appeal time had elapsed. *Bostick v. Owens*, 423 S.W.2d 471 (Tex.Civ.App.1968, writ ref'd n. r. e.).

The judgments of the courts below are reversed, and the injunction is dissolved. Because the trial court should have sustained petitioner's plea to the jurisdiction, we dismiss the entire cause.