Eugene BARTEK, Appellant,

v.

FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF TEMPLE, Texas, et al., Appellees.

No. 1262.

Court of Civil Appeals of Texas, Tyler.

June 21, 1979.

R. C. Joe Mikeska, Jr., Mikeska & Francis, Temple, for appellant.

Gary F. Chatham, City Atty., City of Temple, Temple, for appellees.

McKAY, Justice.

Appellant brought this suit as an appeal from a decision of the Civil Service Commission of Temple denying his request for a voluntary demotion from "operator of E.M.T. 124" to fire truck driver. The motion to dismiss the appeal for want of jurisdiction filed by the City of Temple (City) was granted by the trial court.

Appellant made a request to the Fire Chief for a voluntary demotion from the position of E.M.T. driver (ambulance) to that of fire truck driver "because of the offensive nature of E.M.T. driver." That request was denied. Appellant then requested a hearing before the Civil Service Commission (Commission) of the City; such request was granted, and after the hearing appellant's request for demotion was denied. The order of the Commission contained the language ". . . this Commission . . . does hereby find that the substantial evidence presented supports the decision of the Fire Chief not to demote Eugene Bartek and that said decision based on the substantial evidence presented is reasonable . . . ." This suit was then filed in the district court as an appeal from the decision of the Commission. The trial court dismissed the appeal for want of jurisdiction. We affirm.

The one point of error presented by appellant complains that the trial court erred in sustaining the plea to the jurisdiction under the provisions of Article 1269m, Section 18, Tex.Rev.Civ.Stat.Ann., as amended, which reads:

"Sec. 18. In the event any Fireman or Policeman is dissatisfied with any decision of the Commission, he may, within ten (10) days after the rendition of such final decision, file a petition in the District Court, asking that the decision be set aside, and such case shall be tried de novo. Such cases shall be advanced on

the docket of the District Court, and shall be given a preference setting over all other cases. The court in such actions may grant such legal or equitable relief as may be appropriate to effectuate the purposes of this Act, including reinstatement or promotion with back pay where an order of suspension, dismissal, or demotion is set aside. The court may award reasonable attorney's fees to the prevailing party and assess court costs against the nonprevailing party. If the court finds for the fireman or policeman, the court shall order the city to pay lost wages to the fireman or policeman."

The civil service rules (Section 70) adopted by the Commission provide that an employee may voluntarily request a demotion to a lower rank or classification, but no provision is made therein for appeal to the Commission in case the request is denied, nor does such section grant an employee the right to a demotion. It reads as follows:

"Section 70. *Voluntary Demotion.* When an employee voluntarily requests from his Department Head a demotion to a lower rank or classification, and such request is granted, the employee can not be reinstated to his former rank or classification except by promotion. No provision shall be made for re-instatement except those provided for under Rule XX of these Rules."

Appellant argues that when the Legislature amended Sec. 18 of Art. 1269m in 1977, and changed the language therein, the correct interpretation of Sec. 18 now is that any fireman or policeman who is dissatisfied with *any* decision of the Commission has a right to appeal to the District Court to set aside such decision in a trial de novo. We do not agree.

■ It has long been held that judicial review of administrative agencies may be specifically provided, or specifically denied by the Legislature; however, even where such review is specifically provided it will be denied if the Legislature requires the court to substitute itself for the administrative body and perform purely administrative acts. *City of Amarillo v. Hancock,* 150

Tex. 231, 239 S.W.2d 788, 790 (1951). Even where the Legislature specifically denies review, administrative agency decisions may be challenged in court if they violate some provision of the State or U. S. Constitution, but all other decisions of administrative agencies which do not affect vested property rights or violate some constitutional provision are valid, and they are not made invalid by the mere fact the Legislature has denied judicial review. *City of Amarillo v. Hancock,* supra; *Fox v. Carr,* 552 S.W.2d 885, 887 (Tex.Civ.App.—Texarkana 1977, no writ).

■ The Legislative history of Section 18 indicates that the Legislature was attempting to deal with situations where disciplinary action had been taken against a fireman or policeman. Section 18 · formerly provided for appeal "asking that his order of suspension or dismissal or demotion be set aside." While Section 18 was amended in 1977, and some changes were made in the language used, the named reasons set out for appeal to the courts from a decision of the Commission remain the same, i. e., an order of suspension, dismissal or demotion. In our view the language of the court in *Cash v. City of Houston,* 426 S.W.2d 624, 628 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.), is applicable here:

"A subsequent amendment specifically provided for appeal where demotion occurs and amended Section 18 of the Statute now provides, 'in the event any Fireman or Policeman is dissatisfied with the decision of the Commission, he may . . . file a petition in the District Court, asking that his order of *suspension or dismissal or demotion* be set aside. . . . .' The statutory authority refers to 'suspension or dismissal or demotion,' and does not refer to the situation here presented, that is, a failure to promote. The statutory authority for appeal does not appear in such instance."

Prior to the 1977 amendment Section 18 of Art. 1269m provided in part:

"In the event any Fireman or Policeman is dissatisfied with *the decision* of the Commission, he may, within ten (10) days

after the rendition of such final decision, file a petition in the District Court asking that his order of suspension or dismissal or demotion be set aside, that he be reinstated in the Fire Department or Police Department, and such case shall be tried de novo." [Emphasis added.]

Appellant argues that because the 1977 amendment changed "the decision" to "*any decision*," and added "The court in such actions may grant such legal or equitable relief as may be appropriate to effectuate the purposes of this Act, including reinstatement or promotion with back pay where an order of suspension, dismissal, or demotion is set aside," he now has a statutory right of appeal from the decision of the Commission. We do not agree. Section 17 of Art. 1269m provides in part: "In order for a Fireman or Policeman to appeal to the Commission *from any action for which an appeal or review is provided under the terms of this Act*, it shall only be necessary for him to file within ten (10) days with the Commission an appeal setting forth the basis of his appeal . . . ." [Emphasis added.] We have not found in the record any provision in the statute or in the City's civil service rules for an appeal to the Commission of a denial of a request for voluntary demotion by the Fire Chief. It follows that if appellant had no right to appeal to the Commission he would have no right to appeal to the court even though the Commission may have voluntarily heard his appeal.

We quote from *Firemen's and Policemen's Civil Service Commission of City of Fort Worth v. Kennedy*, 514 S.W.2d 237, 239 (Tex.1974):

"It was held [*City of Amarillo v. Hancock,* supra] that the statute did not authorize an appeal from an order of demotion and that the district court had no jurisdiction of the suit. The latter holding was based on the rule that an inherent right of appeal from an administrative body created by an act silent on the question will be recognized only where the administrative action complained of violates a constitutional provision. *This is the settled law in Texas*." [Emphasis added.]

In the instant case there was no order or suspension, dismissal or demotion; there was only a denial of a request for voluntary demotion. It appears the fact situation here presents a stronger case for lack of jurisdiction by the District Court taking into consideration the change in the language by the 1977 amendment of Section 18.

█ It is our view that is was not the intention of the Legislature by the 1977 Amendment to Section 18, Article 1269m, to provide that *every act* of the Commission is subject to judicial review, nor do we find in the record any inherent right to judicial review. *City of Amarillo v. Hancock,* supra; *Lee v. Firemen's and Policemen's Civil Service Commission of San Antonio,* 526 S.W.2d 553, 555–7 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.); *Heard v. City of Houston,* 529 S.W.2d 560, 563 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *Smith v. City of Houston,* 552 S.W.2d 945, 947 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

Not every act of the Commission is subject to judicial review. *Firemen's and Policemen's Civil Service Commission of City of Fort Worth v. Blanchard,* 582 S.W.2d 778 (Tex.1979); *Firemen's and Policemen's Civil Service Commission of City of Fort Worth v. Kennedy,* supra. If *any decision* of the Commission may be appealed to the District Court then the court is required to substitute itself for the administrative body and perform purely administrative acts. We feel that the Legislature was mindful of the decision and the language of *City of Amarillo v. Hancock,* supra, 239 S.W.2d p. 790. The court there held that judicial review will be denied where the court is required to substitute itself for the administrative body unless there is a denial of a constitutional or vested right. There being no such denial here we hold the District Court was without jurisdiction to hear an appeal from the decision of the Commission approving the denial of a voluntary demotion of appellant.

Accordingly, the judgment of the trial court is affirmed.