Alan T. PATTON, Petitioner,

v.

**CITY OF GRAND PRAIRIE, Texas, et al., Respondents.**

No. C–3495.

Supreme Court of Texas.

March 13, 1985.

Joseph R. Gilbreath and Kenneth W. Hale, Austin, for petitioner.

R. Clayton Hutchins, City Atty., Grand Prairie, for respondents.

WALLACE, Justice.

This is an appeal by a city police officer who was suspended pursuant to the Firemen's and Policemen's Civil Service Act.[1]

Alan T. Patton was indefinitely suspended on November 23, 1981, by the Chief of Police of the City of Grand Prairie, Texas. Patton appealed the suspension to the Grand Prairie Civil Service Commission which reduced the suspension to ten days without pay. Patton then appealed the Commission order to the District Court of Dallas County which dismissed the appeal after determining that it did not have subject matter jurisdiction. The court of appeals affirmed the judgment of the trial court. 675 S.W.2d 794. We reverse the judgment of the court of appeals and remand the cause to the trial court.

The pivotal issue in this case is whether the civil service commission of a city may, after hearing, reduce an indefinite suspension to a disciplinary suspension of 15 days or less, and thus foreclose the affected officer's right to appeal the commission's order to a district court.

Section 16 of the Act, pertaining to an indefinite suspension, provides in pertinent part:

... The Commission shall hold a hearing and render a decision in writing within thirty (30) days after it receives said notice of appeal. Said decision shall state whether or not the suspended officer or employee shall be permanently or temporarily dismissed from the ... Police Department or to be restored to his former position or status....

Section 18 of the Act provides in pertinent part:

In the event any ... Policeman is dissatisfied with *any* decision of the Commission, he may, within ten (10) days after the rendition of such final decision, file a petition in the District Court, asking that the decision be set aside, and such case shall be tried de novo. (The underlined word "any" was substituted for "the" by amendment in 1977).

Section 20 of the Act provides in pertinent part:

The head of ... the ... Police Department shall have the power to suspend any officer or employee under his jurisdiction or supervision for disciplinary purposes, for reasonable periods, not to exceed fifteen (15) days; provided, that in every such case, the department head shall file with the Commission within one hundred and twenty (120) hours, a written statement of action, *and the Commission shall, upon appeal from the suspended officer or employee, hold a public hearing under Section 17 of this Act.* (The underlined portion was added by amendment in 1979).

▇▇▇ The Act, as amended, thus provides that the commission may reduce an indefinite suspension to a temporary suspension. However, Section 18, as amended, unequivocally provides that the affected officer may appeal *any* decision of the commission to the district court. Section 20, as amended, provides that the commission must hold a hearing upon appeal to the commission by the suspended officer. We,

---

1. All references are to TEX.REV.CIV.STAT. ANN. art. 1269m (Vernon's Supp.1983).

**110**

therefore, hold that it is immaterial whether the suspension handed down by the police chief was an indefinite suspension or a disciplinary suspension. Any decision of a city's civil service commission concerning a suspension is now appealable to the district court whether it arises from a Section 16 indefinite suspension or from a Section 20 temporary suspension. The decision of this court in *Firemen's and Policemen's Civil Service Commission of the City of Fort Worth v. Blanchard,* 582 S.W.2d 778 (Tex. 1979), and the courts of civil appeals' decisions in *Fox v. Carr,* 552 S.W.2d 885 (Tex. Civ.App.—Texarkana 1977, no writ) and *Crawford v. City of Houston,* 600 S.W.2d 891 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ), are no longer controlling due to the above mentioned amendments to Sections 18 and 20 of the Act. We approve the reasoning of *City of Laredo v. Solis,* 665 S.W.2d 523 (Tex.App.—San Antonio 1983, no writ) to the extent that it holds any suspension, indefinite or temporary, which gives rise to a hearing before the civil service commission, entitles the affected officer to appeal the commission order to a district court.

We further hold that the record before us does not support the motion for summary judgment of Officer Patton. The judgment of the court of appeals is reversed and the cause is remanded to the trial court.