**Jim MOORE, Appellant,**

v.

**FIREFIGHTERS' AND POLICE OFFICERS' CIVIL SERVICE COMMISSION OF MESQUITE, Appellee.**

No. 05–90–00618–CV.

Court of Appeals of Texas, Dallas.

March 20, 1991.

Rehearing Denied May 1, 1991.

David K. Watsky, Dallas, for appellant.

Elizabeth A. Lunday, Mesquite, for appellee.

Before STEWART, WHITTINGTON and MALONEY, JJ.

## OPINION

WHITTINGTON, Justice.

Jim Moore appeals a judgment denying his appeal from a decision of the Firefighters' and Police Officers' Civil Service Commission of Mesquite (the Commission). We conclude that the district court did not have jurisdiction over the appeal and, accordingly, dismiss the case for want of jurisdiction.

## FACTS

Moore, a member of the Mesquite Fire Department (the Department), took a promotional examination for fire captain. After the grading of the examination papers and the posting of the promotional eligibility list, Moore went to the personnel office to review his exam and found that his answer to question Number 65 had been graded as "incorrect." Number 65 had been taken from chapter nine of the text *Effective Supervisory Practices,* an ap-

proved study source. The question and answers read:

> As a supervisor in local government, you will constantly face the challenge of implementing change. The environments you work in today—political, social, technological and economic—are changing. The supervisor's most important task is
>
> ———
>
> The phrase best completing the sentence is:
>
> A. to help the employee understand the reason for change
>
> B. make sure that employees participate in every part of the change process
>
> C. to ensure a smooth transition
>
> D. understand the normal resistance to change and help the employee "adjust" to the new way

Moore had answered "A" to the question, whereas credit was given only for an answer of "B."

Moore appealed to the Commission, arguing that credit should be given to persons answering either "A" or "B" to question number 65 or that the entire question be disregarded as unclear and vague when grading the examination. At the Commission hearing, Moore explained why he felt that his answer was correct. The Commission also heard testimony from two other firemen who had not protested the Commission's determination of the "correct" answer to question number 65; no one other than Moore testified that they felt the question was vague or unfair. The Commission also considered a copy of the question and answers, the chapter of the text from which the question was taken, and a copy of the summary of Moore's complaints regarding question number 65. After hearing the testimony and considering the evidence before it, the Commission determined that the answer to number 65 should remain as "B" only and the exam grades remain unchanged.

Moore then filed suit in the district court asking that the court set aside the Commission's decision and either remove question number 65 from the promotional examina-

tion or count his answer to the question as correct. The Commission filed an answer that included a plea to the jurisdiction of the district court to consider a challenge to the Commission's decisions with respect to the formulation of promotional examination questions. The district court denied the Commission's plea to its jurisdiction and considered Moore's appeal on its merits. Moore presented the district court with the same evidence that he had presented to the Commission. The district court held that the Commission had substantial evidence upon which to base its decision and affirmed the Commission's decision.

Moore then appealed to this Court on the grounds that the trial court erred in: (1) ruling that the standard of review of a decision of a civil service commission is the substantial evidence rule because the language of section 143.015 of the Texas Local Government Code requires a trial de novo; and (2) affirming the Commission's decision because the evidence at trial proved that the Commission's decision was not supported by substantial evidence.

## JURISDICTION

In a cross-point to this Court, the Commission argued that the trial court erred in failing to sustain its plea challenging the district court's jurisdiction to hear appeals of civil service commission decisions concerning questions on promotional examinations. We agree. Moore asserts that his right to appeal the decision to the district court arises under section 143.015 of the Texas Local Government Code, which states: "(a) If a fire fighter ... is dissatisfied with any commission decision, the fire fighter ... may file a petition in district court asking that the decision be set aside." TEX.LOCAL GOV'T CODE ANN. § 143.015(a) (Vernon 1988). The word "any" was substituted for the word "the" by amendment in 1977. *See* Act of May 27, 1977, 65th Leg., R.S., ch. 424, § 1, 1977 Tex.Gen.Laws 1130.

The issue in the present case is whether section 143.015 applies to give the district court jurisdiction over an appeal from the Commission's action in the exercise of its power to review the grading of a promotional examination. In discussing the right to appeal a commission's action in such a situation, the author of one treatise stated:

The action of the civil service commission in response to a formal appeal from a promotional examination is not spelled out in the civil service law. It has been indicated that the legislature implicitly required that the commission be the final arbiter with respect to grades and the method of grading when an examinee exercises a right of appeal.

R. MILLER, TEXAS FIREMEN'S AND POLICEMEN'S CIVIL SERVICE LAW § 42 (1989).

Section 143.015 must be read in conjunction with section 143.034 of the Local Government Code. TEX.LOCAL GOV'T CODE ANN. §§ 143.015, 143.034 (Vernon 1988). Section 143.034 governs the review and appeal of a promotional examination:

(a) On request, each fire fighter ... applicant for a promotional position is entitled to examine the person's promotional examination and answers, the examination grading, and the source material for the examination. If dissatisfied, the applicant may appeal, within five business days, to the commission for review in accordance with this chapter....

TEX.LOCAL GOV'T CODE ANN. § 143.034 (Vernon 1988). Section 143.015(b) provides the appropriate remedies for an appeal from a commission decision to the district court: "The district court may grant the appropriate legal or equitable relief necessary to carry out the purposes of this chapter. The relief may include reinstatement or promotion with back pay if an order of *suspension, dismissal,* or *demotion* is set aside." TEX.LOCAL GOV'T CODE ANN. § 143.015(b) (Vernon 1988) (emphasis added). Moore argues that section 143.015 gives the district court jurisdiction over his appeal, while the Commission argues that Moore is not seeking relief provided for in section 143.015. They argue that he is seeking review of the means to determine whether one should be promoted. Even if section 143.015 is applicable, we interpret it to read any *final* decision. A question

regarding the grading of an examination is not a final decision, but rather the *process* the Commission uses to reach its decision regarding the promotion.

Though recent cases have not expressly addressed an officer's right to appeal administrative functions of the Commission, previous cases have done so. One case, decided after the 1977 amendment, held that the district court did not have jurisdiction to hear an appeal from the Commission unless there was a denial of a constitutional or vested right. *Bartek v. Firemen's & Policemen's Civil Serv.*, 584 S.W.2d 358, 361 (Tex.Civ.App.—Tyler 1979, no writ). Other cases have held that the district court does not have jurisdiction to review the grading of a promotional examination unless the Commission is guilty of fraud or bad faith regarding the grading of questions. *Firemen's & Policemen's Civil Serv. Comm'n v. Williams*, 531 S.W.2d 327, 329 (Tex.1975); *Firemen's & Policemen's Civil Serv. Comm'n v. Kennedy*, 514 S.W.2d 237, 239 (Tex.1974). Once a commission has regraded the examinations, there is no right to appeal. *Williams*, 531 S.W.2d at 329.

■ The Legislature established a civil service system by statute with the requirement that promotions be based on competitive examinations. *Kennedy*, 514 S.W.2d at 240. In doing so, the Legislature established a system whereby the Commission was the final arbiter with respect to grades and the method of grading when an examinee exercised his right of appeal. *Kennedy*, 514 S.W.2d at 240. The examining authority is the appropriate body to determine whether a question is so vague and ambiguous that any of the multiple-choice answers should be accepted as correct or whether to disregard the answers to the question altogether in arriving at the grades for the examination. *Kennedy*, 514 S.W.2d at 240. We do not consider the grading of examination papers to be a judi-

cial function and accept the rationale of the *Williams* and *Kennedy* decisions.

It is appropriate to distinguish the holding of the Supreme Court in *Williams* and *Kennedy* from other court decisions relating to promotional eligibility. Subsequent decisions deal with the *suspension* or *demotion* or *promotion* itself rather than the *grading* of the examination. One case dealing with the disciplinary suspension of a civil service individual held that an affected officer may appeal *any* decision of the commission to the district court. *Patton v. City of Grand Prairie*, 686 S.W.2d 108, 109 (Tex.1985).[1] The Supreme Court later interpreted its *Patton* holding to mean that "any decision of a Civil Service Commission concerning *suspension* is appealable to the district court." *Horrocks v. City of Grand Prairie*, 704 S.W.2d 17 (Tex.1986) (emphasis added). Likewise, an affected officer may appeal a decision concerning promotion eligibility to the district court. *City of Lubbock v. Knox*, 736 S.W.2d 888, 891 (Tex.App.—Amarillo 1987, writ denied). Though *Knox* addressed the city's jurisdictional challenge, it dealt primarily with statutory interpretation of the minimum grade required for promotion and not, per se, an appeal from a commission decision. *Knox*, 736 S.W.2d at 893. Other statutory grounds, such as the requirements for notice to a commission, were discussed in *City of Harlingen v. Lucio*, 770 S.W.2d 7, 8 (Tex.App.—Corpus Christi 1989, writ denied). The *Lucio* Court determined that no applicant for captain or lieutenant had appealed the exam within the required five business days. *Lucio*, 770 S.W.2d at 8. Another case on this subject discusses what the notice of appeal must contain in order to be within the guidelines of section 143.010 of the Local Government Code. *City of Temple Firemen's and Policemen's Civil Serv. Comm'n v. Bender*, 787 S.W.2d 951, 952–53 (Tex.1990). *Bender* discusses a suspension, not a promotion. The most recent case on the subject holds

1. The Supreme Court continued to say that "[a]ny decision of a city's civil service commission concerning a suspension is now appealable to the district court whether it arises from a section 16 indefinite suspension, or from a sec-

tion 20 temporary suspension." *Patton*, 686 S.W.2d at 110. *Patton* expressly overruled several cases, but not *Williams* or *Kennedy*. *Patton*, 686 S.W.2d at 110.

that advance notice of adverse witnesses was not required under the facts of that case. *Bexar County Sheriff's Civil Serv. Comm'n v. Davis*, 802 S.W.2d 659, 664 (1990). These cases thus analyze the statutory means for notice or for appealing decisions regarding an actual promotion, demotion, or suspension. The examination and the grading of the examination, on the other hand, are the *process* by which a commission determines whether one should be promoted, demoted, or suspended.

To the extent that one can appeal an administrative decision, it must be a final one. *See Bartek*, 584 S.W.2d at 361. Determining the formulation of examination questions is not the making of a final decision; it is simply a step in the process used in making civil service promotions, demotions, or suspensions. The decision can be analogized to an interlocutory decision that is not appealable.

Finding that the trial court erred in not granting the Commission's plea to the jurisdiction, we dismiss the case for want of jurisdiction.