John JONES, Monica L. Dubose, and Jimmy O. Yow, Appellants,

v.

Fire Chief Robert OJEDA, City of San Antonio Fire Department, Alexander E. Briseno, City Manager for the City of San Antonio, Texas and the City of San Antonio, Texas, San Antonio Firefighters and Police Officers Civil Service Commission, Commissioner Robert Plested, Commissioner Jimmy J. Casiano, Commissioner William B. Johnson, Appellees.

No. 04–98–00306–CV.

Court of Appeals of Texas, San Antonio.

May 17, 2000.

Richard H. Ihfe, Russell A. Denton, Ihfe & Associates, P.C., San Antonio, for appellant.

Lowell F. Denton, Susan C. Rocha, Regina Bacon Criswell, Denton, McKamie & Navarro, P.C., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice PAUL W. GREEN, Justice KAREN ANGELINI, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

In this civil service case, we are asked to determine whether a person whose name appears on a beginning position eligibility list loses the right to challenge the City of San Antonio's failure to follow the Fire Fighter and Police Civil Service Act procedures after the eligibility list has expired. Plaintiffs, John Jones, Monica Dubose and Jimmy Yow challenge the granting of a summary judgment against their claim that the City failed to comply with provisions of the Fire Fighter and Police Civil Service Act, TEX. LOC. GOV'T CODE ANN. § 143.001, et. seq. (Vernon 1999), wrongfully rejecting them for beginning positions as firefighters.

Because we find the appellants have no justiciable interest in the proper application of the Civil Service Act, we affirm.

### Background

Jones, Dubose, and Yow (collectively "the plaintiffs") complain they were improperly rejected for appointment to beginning positions with the fire department. To become a firefighter with the San Antonio Fire Department, all applicants must take a qualifying entrance examination. *See* TEX. LOC. GOV'T CODE ANN. § 143.025 (Vernon 1999). An eligibility list is created from the results of the examination. *See* TEX. LOC. GOV'T CODE ANN. § 143.025(b) (Vernon 1999). As vacancies arise, the chief executive "shall appoint the person having the highest grade unless there is a valid reason why the person having the second or third highest grade should be appointed." TEX. LOC. GOV'T CODE ANN. § 143.026(b) (Vernon 1999). The person appointed must serve a probationary one year period "after which the person automatically becomes a full fledged civil service employee with full civil service protection." *Klinger v. City of San Angelo*, 902 S.W.2d 669, 672 (Tex.App.-Austin 1995, writ denied). For purposes of appointments, eligibility lists expire at the end of one year. *See Firemen's & Policemen's Civil Service Commission v. Williams*, 531 S.W.2d 327, 328 (Tex.1975).

In previous years, the plaintiffs each passed the written entrance examination which certified them on the firefighter trainee eligibility list. Dubose was rejected for a beginning position after she was certified as number 139 on the 1993 eligibility list. Yow was rejected for a beginning position after he was certified as number 224 on the 1994 eligibility list. Yow and Jones were both rejected after being certified as numbers 113 and 212, respectively, on the 1995 eligibility list. Fire Chief Ojeda sent Yow and Jones rejection letters explaining that they were recommended for rejection because their "past background displays some habits

which are below desired standards and would be incompatible with the conduct demanded of a firefighter." Dubose was recommended for rejection because Ojeda believed her current driving record made her a poor risk for the position.

After the eligibility lists on which the plaintiffs' names appeared had expired, the plaintiffs brought suit against Fire Chief Ojeda; the San Antonio Fire Department; Alex Briseño, the San Antonio city manager; the City of San Antonio; and various other city officials (collectively "the City"). A temporary injunction was issued on September 26, 1997 which required the City to place the appellants in the firefighter training academy. On January 28, 1998, the trial court granted summary judgment in favor of the City, but allowed the appellants to continue at the academy pending final resolution of the case. It is unclear from the record whether any of the plaintiffs actually completed training, but at that point they would have acquired no better than probationary firefighter status. *See* TEX. LOC. GOV'T CODE ANN. § 143.027 (Vernon 1999).

### SUMMARY JUDGMENT

To properly grant summary judgment, the court must determine that no genuine issue of material fact exists. *See* TEX.R. CIV. P. 166a(c). In making this determination, evidence favorable to the nonmovant will be taken as true, and every reasonable inference will be indulged in favor of the nonmovant and any doubts resolved in its favor. *See Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). A defendant who moves for summary judgment has the burden of either (1) disproving one essential element of each theory of recovery, or (2) proving all the elements of an affirmative defense. *See Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993); *Ager v. Wichita General Hosp.,* 977 S.W.2d 658, 660 (Tex.App.— Fort Worth 1998, no pet.). We review a summary judgment de novo. *See Ruiz v.*

*City of San Antonio,* 966 S.W.2d 128, 130 (Tex.App.—Austin 1998, no pet.).

The trial court granted the city's motion for summary judgment which presented two points of contention: (1) the plaintiffs did not have a justiciable interest in the subject matter before the court, and (2) the plaintiffs' claims were barred by the doctrine of laches. When, as in this case, the trial court's order does not specify the grounds for the ruling, the summary judgment may be affirmed on any meritorious theory advanced in the motion. *See Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

### *Plaintiffs Lack Justiciable Interest*

The City contends that once a beginning position eligibility list expires, an applicant loses any right to complain about the manner and method of appointing applicants from the list. We agree.

■ The Civil Service Act was designed to protect tenured city employees. *See Proctor v. Andrews,* 972 S.W.2d 729, 737 (Tex.1998). The Act does not apply to beginning position applicants and thus does not offer applicants the protections provided to tenured civil service employees.

■ The plaintiffs have standing to sue only if there is a provision in the Civil Service Act that provides some modicum of protection for applicants. But other than setting out a procedure for examination and qualification for the eligibility list, the Act does not grant protected status to applicants. In fact, neither does the Act provide civil service protections to new firefighters, who are instead characterized as one-year probationary employees. We have previously held that probationary employees are at-will employees subject to being terminated without cause. *See Montemayor v. San Antonio Fire Dept.,* 985 S.W.2d 549, 551 (Tex.App.-San Antonio 1998, pet. denied) (probationary firefighter has no civil service protections and may be fired at the discretion of the fire chief). Only after successfully completing the pro-

bationary term do employees become tenured and receive full civil service protection.

 There are clear and substantive reasons for treating job applicants and tenured employees differently. A tenured civil service employee seeking a promotion has a right to sue to enforce procedural compliance with the Act, even after the promotion eligibility list on which he appears has expired, because it is a right inherent to the tenured status of the civil service employee. *See Duckett v. City of Houston*, 495 S.W.2d 883, 886–87 (Tex. 1973) (fireman's position on eligibility list entitled him to promotion to vacancy existing at time of list). On the other hand, an applicant for a beginning position has no legal basis upon which to reopen an expired eligibility list. Unlike a civil service employee, he has no protected interest that would entitle him to enforce the selection procedures of the Act after the eligibility list containing his name has expired. He is in no better position than the applicant for at-will employment who has no legal recourse to a prospective employer's decision not to hire him.

In addition to the legal considerations, there are more practical reasons why it is futile to reopen the eligibility lists. If an expired beginning position eligibility list is judicially reopened and the department is required to accept additional applicants, the applicant-trainees will hold the status of probationary employees. As mentioned above, probationary employees are subject to termination any time during their first year of employment, whether because of over-staffing, for budgetary reasons, or for no reason at all. It makes no sense to grant unwanted applicants the right to enforce civil service provisions whose applicability to them ceased with the expiration of the eligibility lists, only to move them into the unprotected probationary status of at-will employment. The reality is that the unwanted applicant will then become an unwanted at-will employee and will promptly be terminated.

In our view, if there were complaints regarding the City's failure to follow proper procedures in the selection of beginning position applicants to the fire department, it was incumbent upon the plaintiffs to make those complaints at a time when they were still qualified for employment; that is, when their respective eligibility lists were still active. Once the lists expired, the plaintiffs' eligibility for appointment, as well as any right to complain of irregularities with respect to the selection process, also expired. Accordingly, the trial court did not err in granting the City's motion for summary judgment.

### Conclusion

We conclude that summary judgment was properly granted on the ground that plaintiffs lacked a justiciable interest. In light of this holding, it is unnecessary to address the issue of laches. The trial court's judgment is affirmed.

Dissenting opinion by: CATHERINE STONE, Justice

Dissenting Opinion by: CATHERINE STONE, Justice.

Because I believe that appellants have shown a justiciable interest in enforcing statutory procedures for appointment of new civil service employees, I dissent.

To become a fire fighter with the San Antonio Fire Department, all applicants must take a qualifying entrance examination. *See* TEX. LOC. GOV'T CODE ANN. § 143.025 (Vernon 1999). An eligibility list is created from the results of the examination. *See* TEX LOC. GOV'T CODE ANN. § 143.025(b). Under section 143.026, as vacancies arise, the chief executive "shall appoint the person having the highest grade unless there is a valid reason why the person having the second or third highest grade should be appointed." TEX. LOC. GOV'T CODE ANN. 143.026(b) (Vernon 1999). The person appointed must serve a one year probationary period "after which the person automatically becomes a full-

fledged civil service employee with full civil service protection." *Klinger v. City of San Angelo,* 902 S.W.2d 669, 672 (Tex. App.—Austin 1995, writ denied). For purposes of appointments, eligibility lists expire at the end of one year. *Firemen's & Policemen's Civil Service Commission v. Williams,* 531 S.W.2d 327, 328 (Tex.1975).

The majority holds that once the list expires, a non-civil service employee cannot bring suit challenging compliance with section 143.026. According to the majority, after the eligibility list expires, a person whose name appears on a beginning position eligibility list cannot invoke the jurisdiction of the trial court to complain of a City's failure to comply with the Act's provisions regarding the selection of applicants to beginning positions.

There is nothing in the plain language of the statute, case law, the statute of limitations, or any other equitable doctrine, which supports limiting the time when a plaintiff can bring suit to the period preceding the expiration of the eligibility list. While the purpose of creating this section of the Local Government Code is to protect civil service employees, this statute, by its very nature, also involves the appointment of non-civil service employees. *See* TEX. LOC. GOV'T CODE ANN. § 143.001 (Vernon 1999). The statute provides the method by which persons may be selected to serve a probationary period leading into civil service status. *See id.* § 143.026(b). While civil service employees enjoy a protected status, this fact alone does not mean that other persons directly affected by the statute may not seek to enforce the provision directly applicable to them after the eligibility list has expired. *See Associated General Contractors of Texas, Inc. v. City of Corpus Christi,* 694 S.W.2d 581, 581–82 (Tex.App.—Corpus Christi 1985, no writ) (noting that person has standing to sue if he has sustained some direct injury as result of wrongful act of which he complains). The plain language of the statute in no way indicates that once the eligibility list expires, a non-civil service employee may not bring suit. The statute provides a specific procedure for appointment of beginning employees; under the majority's holding, cities need not worry about complying with the statute because they are not subject to redress. For these reasons, I dissent.