**REVERSE and RENDER and Opinion Filed May 12, 2022**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00377-CV

## CITY OF GARLAND, TEXAS AND
## GARLAND CIVIL SERVICE COMMISSION, Appellants
## V.
## JON JORDAN, Appellee

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-12515**

## MEMORANDUM OPINION
Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Reichek

This is an interlocutory appeal from the trial court's denial of the plea to the jurisdiction filed by the City of Garland, Texas, and the Garland Civil Service Commission (collectively the "Commission"). In a single issue, the Commission contends the trial court erred in denying its plea because the court has no subject matter jurisdiction over Jon Jordan's claims against it. Because we conclude there is no waiver of governmental immunity with respect to Jordan's claims, we reverse the trial court's denial of the Commission's plea and render judgment dismissing Jordan's suit.

## Background

At issue in this case is a promotional examination given by the Commission on August 11, 2020. On that date, Jordan took the fire driver promotional exam. At that time, Jordan had been employed as a firefighter for the City for seventeen years and had taken a promotional examination on four previous occasions.

The August 2020 test was administered at the Granville Arts Center in downtown Garland. Jordan selected a seat at one of the tables provided and could see a digital clock from the seat he chose. Jordan stated the clock was offset from his view, making it difficult to see the minutes on the clock face. He did not know if moving his seat would have helped him view the clock better, but he was satisfied with where he was sitting.

Jordan was given a set of written "General Instructions" for the exam that stated, among other things, the examination would last ninety minutes and there would be a "fifteen (15) minute warning during the course of the examination." Additional "Fire Promotional Examination Instructions" were read aloud over the public address system. These additional, verbal instructions reiterated that the exam would last for ninety minutes and gave detailed directions regarding use of the Scantron answer sheets. Finally, the written instructions at the beginning of the test booklet for the fire driver promotional examination stated,

> Write your name and today's date in the appropriate blanks provided on the answer sheet. Read each of the following questions carefully. After reading the question, select the best answer for the

–2–

question. . . . Mark the letter of your selection in the appropriate space on the answer sheet provided to you.

The exam at issue had 100 questions. Jordan understood that his answers had to be recorded on the Scantron answer sheet and, based on his past experience, he assumed his test would be graded using only the answer sheet. The test-taking strategy Jordan used that day was to first go through the test booklet and answer the questions he could answer easily by marking the answer in the booklet. He circled the questions he could not answer easily. Jordan then went back through the test booklet and answered the questions he had previously circled by marking the answer in the booklet. Jordan then reviewed the booklet a third time to make sure he had not missed anything. After going through the booklet three times, Jordan began to transfer his answers from the test booklet to the Scantron answer sheet. Jordan stated the fifteen-minute warning was important to him because he planned to use the last fifteen minutes of the exam to transfer his answers from the test booklet to the answer sheet.

Kristen Smith, a managing director with the Commission, served as a proctor for the examination. Instead of giving a fifteen-minute warning as stated in the written instructions, Smith gave a warning "roughly 30 minutes prior to the end of the exam." Jordan does not dispute that a thirty-minute warning was given.

When Smith announced the end of the examination after ninety minutes, Jordan was the only test-taker still left in the room. At that point, Jordan had transferred only eighty-eight of his answers from the test booklet to his answer sheet,

leaving twelve answers on the Scantron answer sheet blank. Smith approached Jordan to retrieve his exam and Jordan advised her that she failed to give the fifteen-minute warning. According to Jordan. Smith responded that she had given him a thirty-minute warning instead.

When Jordan's exam was graded, he was not given credit for any correct answers to questions 89 – 100 because he did not transfer his answers to those questions to the answer sheet. Jordan's score on the exam without those answers was not high enough to place him on the eligibility list for a promotion.

Pursuant to the rules and regulations adopted by the Commission, Jordan filed an appeal seeking to "correct his score." Jordan's protest was made on the basis that he was unable to clearly see a clock during the test and the proctor failed to give him the fifteen-minute warning specified in the general instructions for the examination. Jordan presented his appeal to the Commission at its August 25, 2020 meeting and requested he be given credit for the correct answers that were marked in his test booklet. Although Jordan never received an official decision from the Commission regarding his appeal, his score on the examination and his place on the eligibility list were not changed.

Jordan brought this suit asserting claims against the Commission for (1) "Denial of Right to Petition and Statutory Grievance Rights," (2) "Denial of Due Course of Law," and (3) declaratory judgment. Jordan also requested injunctive and mandamus relief to compel the Commission to re-grade his exam and accept the

answers marked solely in the test booklet. Finally, Jordan requested an order compelling the Commission to provide him with "such promotion, compensation, and benefits that [he] would have received if he had been placed on the verified promotional examination 'Eligibility List' according to his adjusted 'Raw Score.'" If the requested equitable remedies were not allowed, Jordan alternatively sought damages "including lost wages, loss of employment benefits, pecuniary losses, emotional pain, suffering, mental anguish, inconvenience, damage to his reputation, and other damages"

In response to Jordan's petition, the Commission filed a plea to the jurisdiction arguing "there is no jurisdiction for a fire fighter or police officer to appeal the ruling of the Commission regarding the grading of a promotional examination to the district court." Both the Commission and Jordan filed briefs and evidence considering the jurisdictional issue. Following a hearing, the trial court denied the Commission's plea. This appeal followed.

## Analysis

In a single issue, the Commission contends the trial court erred in denying its plea to the jurisdiction because there is no waiver of governmental immunity for claims concerning the grading of a promotional examination. A plea to the jurisdiction is a dilatory plea by which a party challenges the trial court's jurisdiction to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2006). The purpose of the plea is to defeat a claim without

regard to whether it has merit. *Id*. We review a trial court's order denying a jurisdictional plea based on governmental immunity de novo. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). In performing our de novo review, we consider only the pleadings and evidence pertinent to the jurisdictional inquiry. *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). The plaintiff has the burden to allege facts showing the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

In Texas, governmental immunity deprives a trial court of subject matter jurisdiction over claims against the State and certain governmental units unless the State affirmatively waives immunity and consents to suit. *Tex. Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). When a governmental defendant challenges jurisdiction on immunity grounds, the plaintiff has the burden to affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Immunity is waived only by clear and unambiguous language. TEX. LOC. GOV'T CODE ANN. § 311.034. "The central test for determining jurisdiction is whether the 'real substance' of the plaintiff's claims fall within the scope of a waiver of immunity from suit." *Tex. Parks & Wildlife Dept. v. Sawyer Trust*, 354 S.W.3d 384, 389 (Tex. 2011).

In this case, the relevant waiver of immunity is found in Chapter 143 of the Texas Local Government Code. Chapter 143 governs municipal civil service for firefighters and police officers and, among other things, sets out the requirements for the examinations that determine a firefighter's or police officer's eligibility for promotion. TEX. LOC. GOV'T CODE ANN. § 143.021 (with few exceptions, position may be filled only from an eligibility list that results from an examination). Promotional examination questions must be taken from posted source materials, and the test must be composed in a manner that allows the grading to be "promptly completed after the examination is over." *Id*. § 143.032(f). "The fairness of the competitive promotional examination is the responsibility of the commission, the director, and each municipal employee involved in the preparation or administration of the examination." *Id*. § 143.032(g)

Section 143.034, entitled "Review and Appeal of Promotional Examination," allows a candidate who has taken a promotional exam to review his test and answers, the grading, and the source material after the examination is completed. *Id*. § 143.034. If the candidate is dissatisfied following his review, he may appeal to the commission. *Id*. § 143.034.

Separate from the promotional examination review process, section 143.015 generally provides that, "[i]f a fire fighter or police officer is dissatisfied with any commission decision, the fire fighter or police officer may file a petition in district court asking that the decision be set aside" *Id*. § 143.015. The appeal to the district

court is by trial de novo and "relief may include reinstatement or promotion with back pay if an order of suspension, dismissal, or demotion is set aside." *Id*. § 143.015(b).

This Court addressed the scope of section 143.015's waiver of immunity as applied to promotional examinations in *Moore v. Firefighters' and Police Officers' Civil Serv. Comm'n of Mesquite*, 809 S.W.2d 527 (Tex. App.—Dallas 1991, writ denied). In *Moore*, we concluded that, although section 143.015 states a firefighter or police officer may appeal *any* commission decision to the district court, the decision being appealed must be a *final* decision. *Id*. at 531. Decisions regarding how promotional examinations are conducted and graded are not final decisions concerning a promotion, but merely a step in the process of making a final decision. *See id*. Because there is no waiver of immunity for decisions concerning the examination process, the Commission is "the final arbiter with respect to grades and the method of grading" promotional examinations. *Id*. at 529 (quoting R. Miller, TEXAS FIREMEN'S AND POLICEMEN'S CIVIL SERVICE LAW § 42 (1989)).

Jordan appears to concede that section 143.015 does not provide a waiver of immunity for his claims. He contends instead that his suit does not challenge a "grading decision," but asserts the promotional examination was conducted "illegally" in violation of chapter 143. Additionally, Jordan states his suit asserts claims against the Commission for denial of his right to petition, denial of his statutory grievance rights, and denial of due course of law based on the

Commission's failure to properly address his initial appeal. Jordan then generally points to the Texas Uniform Declaratory Judgment Act ("DJA"), sections 24.007 and 24.008 of the Texas Government Code, section 180.006 of the Texas Local Government code, and various provisions of the Texas Constitution as providing waivers of immunity for these claims. We address each of these alleged waivers of immunity in turn.[1]

The DJA waives governmental immunity against claims that a statute or ordinance is invalid. *City of McKinney v. Hank's Restaurant Grp, L.P.*, 412 S.W.3d 102, 112 (Tex. App.—Dallas 2013, no pet.). The DJA does *not* waive immunity against claims seeking a declaration of the claimant's rights under a statute or an interpretation of an ordinance. *Id*. The DJA also does not waive a governmental entity's immunity against a claim that governmental actors have violated the law. *Id*. If a plaintiff's declaratory judgment action merely challenges an individual's actions under a statute, there is no waiver of the state's or a state agency's governmental immunity. *Tex. Transp. Comm'n v. City of Jersey Vill.*, 478 S.W.3d 869, 877–78 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

---

[1] Jordan argues the Commission waived its right to challenge some of these asserted bases of jurisdiction by not addressing them in its plea to the jurisdiction or its brief on appeal. Subject matter jurisdiction is fundamental, however, and may be addressed on appeal regardless of whether the issue was presented below or in the briefing. *See Dallas Cty. Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied) (subject matter jurisdiction may be addressed *sua sponte* for the first time on appeal); *see also Tex. Ass'n of Bus. v. Tex. Air. Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993) (subject matter jurisdiction may not be waived by parties).

Jordan's live pleading states, "Plaintiff requests declaratory relief from this Court to interpret Defendant Commission's Rules and Regulations, that are effectively ordinances or statutes, . . . and he seeks determinations that Defendant Commission's Rules and Regulations have been illegally applied." Thus, Jordan's own characterization of his claims affirmatively demonstrates the relief he is seeking is outside the scope of the DJA's waiver of immunity. *See Hank's*, 412 S.W.3d 112. Interpretations of the applicable rules, and declarations that they were incorrectly applied, are exactly the types of claims from which the government is immune. *Id.*

Although a section of Jordan's petition is entitled "Plaintiff Alleges that Defendants' Rules and Regulations Violate Texas Law," it is clear from the substance of his allegations that he is not alleging a particular rule or regulation is invalid. Instead, he alleges the Commission's rules and regulations, "if applied to deny him his grievance rights," violate Texas law that guarantees his right to petition the government for redress of his grievances. *See* Tex. Const. art. I, § 27.

Jordan does not dispute the Commission's rules and regulations provided him with an opportunity to present his grievances regarding the manner in which the August 2020 promotional exam was conducted. *See* City of Garland, Texas Firefighters' and Police Officers' Civil Service Commission Rules and Regulations, LR 143.034 (Feb. 4, 2020). Furthermore, the Commission's rules specifically provide for a review of the examination instructions in the promotional examination appeal process. *Id.* LR 143.034(D). The focus of Jordan's challenge is on the

Commission's rule that limits the factors the Commission may consider when deciding a candidate's appeal of his exam results.

Under Local Rule 143.034(B)(3), the Commission may consider only matters concerning the propriety of the exam's questions and answers when determining an individual candidate's appeal. *Id*. LR 143.034(B)(3).[2] Jordan alleges that, by "arbitrarily and narrowly limiting its jurisdiction over promotion appeals," the Commission has violated his right to seek redress of his grievances. The core of Jordan's complaint is not that the Commission's rules rendered him unable to voice his grievances, but that his particular grievances do not provide him with grounds to have his individual grade altered. *Cf. Office of Pub. Counsel v. Tex. Auto. Ins. Plan*, 860 S.W.2d 231, 236 (Tex. App.—Austin 1993, writ denied) (right to petition government only guarantees access to government's ear, not favorable response). Jordan's request for declaratory judgment, therefore, is simply a rephrasing of his claim that the Commission should have responded to his appeal by re-grading his examination. As discussed above, there is no waiver of immunity for claims regarding the grading of a promotional exam. *See Moore*, 809 S.W.2d at 531. The DJA "does not enlarge the trial court's jurisdiction, and a request for declaratory relief does not alter a suit's underlying nature." *City of Jersey Vill.*, 478 S.W.3d at

---

[2] LR 143.034(B)(3) states "The Commission shall consider only the following factors in support of an appeal: (a) whether the answer which is approved ('keyed') for the question is clearly incorrect; (b) whether there exists other answers provided to the question which are clearly equal to the approved answer; or (c) whether a typographical, copying, or other error significantly alters the meaning of the question or answer and which invalidates the approved answer."

–11–

876. We conclude the DJA does not provide a waiver of governmental immunity for Jordan's claims.

Jordan next cites to sections 24.007 and 24.008 of the Texas Government Code and Article V, Section 8, of the Texas Constitution as waiving the Commission's governmental immunity. These provisions outline the original jurisdiction of the district courts to hear and determine cases. Tex. Const. art. V, § 8; TEX. GOV'T CODE ANN. §§ 24.007–.008. Jordan does not explain how these provisions contain a clear and unambiguous waiver of the Commission's governmental immunity. Instead, he contends the City judicially admitted these provisions grant the trial court subject matter jurisdiction when it filed a lawsuit in 2015 against firefighters accused of cheating on a promotional examination. Although the pleadings from that suit are not in the record, Jordan alleges the City invoked sections 24.007 and 24.008 and Article V, Section 8, as providing jurisdiction over its claims. Based on this, Jordan argues the Commission[3] is estopped from re-litigating the issue of the trial court's jurisdiction to hear complaints about its promotional exam practices. There are multiple problems with this contention.

First, there is nothing in the record to show the claims asserted in the 2015 lawsuit are substantively similar to the ones at issue here. *See Brown v. Sanchez*,

---

[3] Jordan alleges the City's actions are binding on the Commission because the parties are in privity.

No. 05-17-01308-CV, 2018 WL 2979849, at *2 (Tex. App.—Dallas June 14, 2018, pet. denied) (mem. op.). Second, a party can judicially admit only matters of fact, not questions of law. *City of Webster v. Hunnicutt*, No. 14-20-00421-CV, 2022 WL 1111872, at *6 (Tex. App.—Houston [14th Dist.] Apr. 14, 2022, no pet. h.). And finally, it has long been held that a court cannot acquire subject matter jurisdiction by estoppel. *Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294–95 (Tex. 2001). Jordan's reliance on the City's alleged judicial admission is, therefore, unavailing.

Jordan next points to section 180.006 of the Texas Local Government Code which waives immunity from suits by police officers and firefighters seeking to recover monetary benefits authorized by a provision of chapter 141, 142, or 143 of the local government code. TEX. LOC. GOV'T CODE ANN. § 180.006; *City of San Antonio v. Caruso*, 350 S.W.3d 247, 251 (Tex. App.—San Antonio 2011, pet. denied). The only monetary benefits Jordan seeks to recover are the wages and benefits he would have been paid if his exam had been re-graded and he was granted a promotion. Absent a re-grading and promotion, Jordan makes no assertion that he has been denied any monetary benefits authorized by a provision of chapter 141, 142, or 143 of the local government code.

Jordan cannot "bootstrap" jurisdiction over his grading claim to section 180.006's waiver of immunity. Jordan has no claim under section 180.006 unless his exam is re-graded. Because the Commission has the final say with respect to

Jordan's grade on the promotional examination, Jordan does not have a viable claim under section 180.006.

Jordan's reliance on the Texas Constitution for jurisdiction is also untenable. There is no implied private right of action for damages against governmental entities for violations of the Texas Constitution. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995). And, while a suit for equitable remedies based on a governmental entity's violations of constitutional rights is not prohibited, to overcome immunity the plaintiff must plead a viable constitutional claim. *Id*.; *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011).

Jordan's petition cites to two constitutional provisions as the basis of his claims: article I, section 3 and article I, section 19. Article I, section 3 of the Texas Constitution provides the state's citizens with equal rights and equal protection under the law. *See* Tex. Const. art, I, § 3. Other than reciting the language of the provision, Jordan's petition contains no allegations that could be construed as an assertion that his constitutional right to equal protection was violated.

Article I, section 19 provides that "[n]o citizen of this State shall be deprived of life, liberty, property, or privileges or immunities, or in any manner disenfranchised, except by due course of the law of the land." Tex. Const. art, I, § 19. Before any substantive or procedural due-process rights attach, however, the plaintiff must have a liberty or property interest that is entitled to constitutional protection. *San Benito Consol. ISD v. Leal*, No. 13-20-00569-CV, 2022 WL

–14–

243725, at *7 (Tex. App.—Corpus Christi–Edinburg Jan. 27, 2022, no pet. h.) (mem. op.). "Mere expectancy in a property interest will not suffice; the property interest must be vested." *Id.*

In this case, Jordan's only alleged property interest is in the promotion to which he claims he is entitled. This is not a vested property interest because, at best, Jordan had only an expectancy of being promoted. *See id.* at *8. Procedural rights to due process, such as hearings and grievance proceedings, cannot be used to create a property entitlement that a plaintiff does not already have. *Id.*; *see also Alford v. City of Dallas*, 738 S.W.2d 312, 316 (Tex. App.—Dallas 1987, no writ). Because Jordan's suit does not involve a vested property right, article I, § 19 does not provide him with a waiver of immunity.

Finally, Jordan contends his claims in equity for injunctive, declaratory, and mandamus relief are allowed by article I, § 29 of the Texas Constitution. The Texas Supreme Court examined the scope of governmental immunity from equitable claims in *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009). As discussed above, governmental immunity against claims for declaratory relief is waived only for claims that a statute or ordinance is invalid. *Id.* at 373 n. 6. With respect to injunctive and mandamus relief, governmental immunity is waived only as to suits for prospective injunctive relief against actors in their official capacity for violating the law. *Id.* at 373–77. These are known as "ultra vires" claims. Jordan's claims do not fall within the ultra vires exception to governmental immunity.

Virtually all of the Jordan's requests for injunctive and mandamus relief seek the re-grading of his examination and a retroactive promotion. Jordan also requests payment of the compensation and benefits he would have received if he had been promoted following the exam. These are requests for retrospective and monetary relief that are clearly barred by governmental immunity. *Id*.

To the extent Jordan seeks prospective equitable relief, ultra vires claims may be brought only against state actors in their official capacity, not against the state itself or a governmental entity. *Id*.; *see also Amador v. City of Irving*, 05-19-00278-CV, 2020 WL 1316921, at *9 (Tex. App.—Dallas Mar. 20, 2020, no pet.) (mem. op.). Because Jordan brought his claims against the Commission, and not its officials in their official capacity, the ultra vires exception does not apply. *Amador*, 2020 WL 1316921, at *9.

Based on the foregoing, we conclude the trial court erred in denying the Commission's plea to the jurisdiction. We reverse the trial court's order and render judgment dismissing Jordan's suit for want of jurisdiction.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210377F.P05

–16–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITY OF GARLAND, TEXAS AND
GARLAND CIVIL SERVICE
COMMISSION, Appellants

No. 05-21-00377-CV      V.

JON JORDAN, Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-12515.
Opinion delivered by Justice
Reichek. Justices Nowell and Carlyle
participating.

In accordance with this Court's opinion of this date, the order of the trial court denying the plea to the jurisdiction of appellants the CITY OF GARLAND and the GARLAND CIVIL SERVICE COMMISSION is **REVERSED** and judgment is **RENDERED** that:

> JON JORDAN'S claims against the CITY OF GARLAND and the GARLAND CIVIL SERVICE COMMISSION are dismissed for want of jurisdiction.

It is **ORDERED** that appellants the CITY OF GARLAND, TEXAS and the GARLAND CIVIL SERVICE COMMISSION recover their costs of this appeal from appellee JON JORDAN.

Judgment entered May 12, 2022